■ In the Matter of JUAN GOMEZ, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the State Department of Correctional Services, et al., Respondents.—Casey, J. ■

On March 16, 1987, an inmate at Clinton Correctional Facility, Rafael Cruz, was stabbed in the chest area while the inmates were lining up for showers. Petitioner was charged with and found guilty of the assault in violation of a prison disciplinary rule. A penalty of one year's confinement in a special housing unit with loss of privileges and one year's loss of good time was imposed. This determination was affirmed by respondent Commissioner and is the basis of this proceeding to review.

Petitioner maintains that he was standing at the front of the shower line when Cruz ran from the rear of the line after he had been stabbed. Two other inmates, Edwin Mendoza and Elvin Perez, called by petitioner as witnesses, corroborated petitioner's version of the incident. Cruz was called by petitioner, but the Hearing Officer examined him outside petitioner's presence. Petitioner was permitted to hear a tape recording of Cruz's testimony. This recording initially substantiated Cruz's claim that petitioner stabbed him while Cruz was being held by Perez and Mendoza. The following colloquy then transpired between the Hearing Officer and Correction Officer George Rodriguez, who was acting as translator for Cruz:

"Hearing Officer: And Officer Rodriguez * * * were you there when [Cruz] identified *Perez* as the man who stabbed him?

"Rodriguez: Yes, I was.

"Hearing Officer: Was there anything equivocal about [Cruz's] testimony when he identified *Perez* as the man who stabbed him?

"Rodriguez: What do you mean?

"Hearing Officer: Did he seem very firm * * * in his identification?

"Rodriguez: He was very firm [emphasis supplied]."

Due to this discrepancy in the identification, the Hearing Officer reexamined Cruz, and Cruz repeated that petitioner had in fact stabbed him. Petitioner was found guilty of violating the prison rule against assault on a fellow prisoner. Petitioner claims that the discrepancy in the identification and an unusual incident report made after the assault but before the hearing mandates our annulling the administrative determination of guilt. The unusual incident report contained the statement of inmate Christopher Ling that he saw Mendoza stab Cruz. Petitioner maintains that this was exculpatory

material to which he was entitled before his hearing. He further contends that he requested the appearance of Correction Officer Scott Stoughton who witnessed the incident, but that Stoughton was not called and did not appear to testify.

The record reveals that petitioner never called Stoughton as a witness or requested that he be called. The record reflects that when the Hearing Officer considered calling Stoughton, the parties were trying to identify the correction officer in charge of the area at the time of the incident and a person volunteered, "we call him Stoughton", referring to the officer in charge. Petitioner claims in his brief that he made this remark and that he actually stated "well call him Stoughton", indicating petitioner wanted Stoughton called as a witness, but this claim is not supported by the record. On the contrary, when petitioner was specifically asked at the hearing if he would like to have anything else considered, he replied in the negative *(see, Matter of Hickman v Coughlin,* 115 AD2d 105). As to the failure of petitioner's assistant to call Ling, it appears that petitioner never requested exculpatory material from his assistant *(cf., Matter of Martin v Coughlin,* 90 AD2d 946). Petitioner only requested that his assistant interview three witnesses, which was done.

We conclude that substantial evidence supports the determination that petitioner committed the assault on Cruz. As to petitioner's claim that Cruz identified Perez as his assailant, it was but an accidental misstatement in the names, which was ultimately clarified. The identification of petitioner by Cruz was at all times firm and unequivocal.

We further find no merit in petitioner's claim that Rodriguez, the charging officer, could not act as a translator for Cruz, especially since petitioner does not contend that Rodriguez was not a competent or reliable translator.

In our view, the hearing afforded petitioner was fair. He was served with a copy of the disposition within 24 hours of March 25, 1987, the concluding date, and in the circumstances the penalty imposed was not excessive. Accordingly, the determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.