Edward CHAPPLE, Plaintiff,

v.

John P. KEANE, Charles Greiner, Lt. McGovern, Sergeant Carrigan, and C.O. K. Hale, Defendants.

No. 93 Civ. 6568 (WK).

United States District Court,
S.D. New York.

Nov. 1, 1995.

Edward Chapple, Elmira, NY, pro se.

Brett E. Wettick, Assistant Attorney General of the State of New York, New York City, for Defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

This is a pro-se inmate case in which the plaintiff, Edward Chapple, alleges that he was the subject of a false misbehavior report written by defendant Hale in retaliation for having filed unrelated prior complaints against other prison officers; and that the hearing regarding the charges in that misbehavior report deprived plaintiff of his due process rights. Defendants have moved for summary judgment. For the reasons that follow, we grant defendants' motion.

### Statement of Facts

On July 24, 1993, defendant Hale, a corrections officer at Sing Sing, wrote a misbehavior report regarding the actions of plaintiff. Specifically, the report accused plaintiff of refusing to obey a direct order and interfering with a corrections officer's order by lying. The misbehavior report was served on plaintiff on July 25, 1993 and a disciplinary hearing was held before defendant McGovern on July 30, 1993. At the hearing, only plaintiff testified, and the written report by defendant Hale was offered as evidence.

Plaintiff was found guilty of refusing a direct order, but not of interfering by lying. He was penalized as follows: (i) keep-lock for seven days, which was actually "time served," as plaintiff had been in keep-lock since July 24; and (ii) loss of packages and telephone privileges for 30 days. As a result of the misbehavior report and the subsequent keep-lock, plaintiff was also removed from his job as Electrician Assistant.

Plaintiff subsequently commenced the instant action, alleging that the misbehavior report was issued in retaliation for "plaintiff filing complaints against defendant" (Complaint ¶ 12). The only prior recorded complaint plaintiff filed while at Sing Sing was an Inmate Grievance Complaint filed on December 2, 1992, which did not concern any of the named defendants, and about which defendant Hale, the corrections officer who wrote the misbehavior report that is the subject of this lawsuit, has declared under oath that he had no knowledge.

Plaintiff further alleges that the "knowing and intentional procedural errors and lack of substantive evidence" at the hearing deprived plaintiff of "civil rights guaranteed by the due process and equal protection claseof [sic] the fourteenth amendment to the United States Constitution." (Complaint ¶ 38).

Defendants have moved for summary judgment, arguing that plaintiff cannot show retaliation as a matter of law, and that plaintiff received all the process he was due.

### Discussion

The Second Circuit in *Jones v. Coughlin* (2d Cir.1995) 45 F.3d 677, 680, stated that "a prisoner has a due process right not to be subjected to false misconduct charges as retaliation for his exercise of a constitutional right." The *Jones* court also made clear that the inmate's claim must present a sequence of events that would permit the trier of fact to infer that the filing of the misconduct charges was in retaliation for constitutionally protected activity. *Id.* at 680. In *Montgomery v. Strack* (S.D.N.Y.1990) 1990 WL

128904, moreover, the court held that claims of retaliation could not be supported by (a) complaints filed by the inmate after the alleged retaliatory conduct; or (b) unrelated earlier litigation and complaints against corrections officers other than defendants.

■ In this case, the only record of a complaint filed by plaintiff prior to the incident was an Inmate Grievance Complaint filed on December 2, 1992 which did not concern any of the named defendants. In addition, defendant Hale, the corrections officer who wrote the misbehavior report that is the subject of this lawsuit, has declared under oath that he had no knowledge of any prior complaints by plaintiff. As in *Montgomery,* then, this single grievance filed by plaintiff which does not mention the defendants, and about which defendant Hale had no knowledge, is not a sufficient basis to create a claim for retaliation.

As to the removal of plaintiff from his job as an electrician assistant, this action was taken as a result of the misbehavior report and resulting penalty. Since plaintiff has not established that the misbehavior report and subsequent keep-lock were in retaliation for his prior exercise of a constitutional right, he cannot establish as a matter of law that the removal from his prison job as a result of the report and penalty was retaliatory.

Plaintiff's second allegation also fails to overcome this motion for summary judgment. He claims that his disciplinary hearing fell short of the requirements of due process for three reasons: (a) defendant Hale was not called as a witness; (b) the hearing was completed in 15 minutes; and (c) plaintiff was found guilty of one charge, but not the other. We will address each argument briefly.

■ First, plaintiff did not request any witnesses at his disciplinary hearing, and specifically did not request that defendant Hale be called. Thus, he cannot complain now that the hearing officer's failure to call defendant Hale deprived plaintiff of due pro-

cess. *See Majid v. Henderson* (N.D.N.Y. 1982) 533 F.Supp. 1257, 1273, *aff'd* (2d Cir. 1982) 714 F.2d. 115.

■ Furthermore, the fact that the hearing lasted only fifteen minutes does not render the hearing unconstitutional. Plaintiff does not deny that he was given a full opportunity to testify (Complaint ¶ 20–23). Accordingly, the length of the hearing does not support a claim that plaintiff was denied due process.

■ Finally, the fact that the hearing officer, defendant Lt. McGovern, determined that plaintiff was guilty of one charge but not the other does not render the proceeding constitutionally infirm. The Second Circuit has stated that "a court should not overturn a prison disciplinary board's finding of guilt if there is *any* evidence to support the board's conclusion." *Franco v. Kelly* (2d. Cir.1988) 854 F.2d 584, 588 (emphasis in original). In plaintiff's case, the misbehavior report, which specified plaintiff's conduct, provides appropriate evidence to support the hearing officer's finding of guilt on one charge. Plaintiff has failed to demonstrate how the fact that he was found not-guilty of the other charge violates his due process rights.

The Supreme Court has held that "lawfully incarcerated persons retain only a narrow range of protected liberty interests," and prison discipline is traditionally the business of prison administrators, not federal courts. *Hewitt v. Helms* (1983) 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675. Because we find that plaintiff has failed to establish as a matter of law that his rights were violated, we grant defendants' motion for summary judgment.[1]

SO ORDERED.

---

1. Defendants Keane and Greiner also argue that plaintiff has failed to allege any personal involvement on their part in the alleged breach of plaintiff's constitutional rights. On that basis alone, therefore, summary judgment should be granted as to them. *See Gil v. Mooney* (2d Cir.1987) 824 F.2d 192, 196.