**Mario BEDOYA, Plaintiff–Appellant,**

v.

**Thomas A. COUGHLIN, III; Donald Selsky; Frank B. Ireland, Jr., Lieutenant; T. Van Camp, C.O.; and Frank E. Irvin, Supt., Defendants–Appellees.**

No. 1303, Docket 95–2530.

United States Court of Appeals, Second Circuit.

Argued April 4, 1996.

Decided Aug. 5, 1996.

David A. Cohen, New York City (Arthur S. Linker, N. Ajoy Mathew, Rosenman & Colin, New York City, of counsel), for plaintiff-appellant.

Martin A. Hotvet, Assistant Attorney General of the State of New York, Albany, New

York (Dennis C. Vacco, Attorney General of the State of New York, Peter H. Schiff, Deputy Solicitor General, Nancy A. Spiegel, Assistant Attorney General, Albany, New York, of counsel), for defendants-appellees.

Before: WINTER, JACOBS, and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

The question presented is whether the plaintiff's procedural due process rights were violated at a prison disciplinary hearing at which the presiding officer failed to summon a witness whose testimony the plaintiff had requested. To decide this issue, we must determine whether, as the United States District Court for the Western District of New York (Michael A. Telesca, *Judge* ) concluded, the plaintiff had waived his right at the hearing to have the witness summoned. We consider today whether, under the circumstances presented, the plaintiff waived his due process right to summon the witness.

## I. BACKGROUND

The plaintiff Mario Bedoya was an inmate at New York State's Wende Correctional Facility ("Wende") and a business clerk in the Wende law library at the time of the events in question. A correctional official assigned to the library, Officer Van Camp, had begun to suspect that inmates at Wende and at two other correctional facilities were using mail sent among the facilities' law libraries to engage in unauthorized correspondence. On one occasion, in April 1991, Van Camp overheard a conversation between the plaintiff and Angel Cruz, the law library's head clerk, about sending documents "from Law Library to Law Library." Alerted by Van Camp, prison officials two days later discovered a package in Wende's outgoing mail, addressed to the Orleans Correctional Facility Law Library, that contained a cover sheet from the Wende law library and legal papers belonging to an inmate, Jessie Marion, who had been transferred from Wende to Orleans. A search of the plaintiff's cell later that day produced a calendar recording the plaintiff's

having placed the package in the mail. Van Camp filed a misbehavior report claiming that the mailing was unauthorized and charging the plaintiff with, among other infractions, smuggling, committing a "facility correspondence violation," and providing unauthorized legal assistance. The plaintiff admitted to having sent the package but claimed that Cruz had ordered him to do so and that this action was consistent with the law library's routine practice of forwarding a transferred inmate's legal papers to the law library at the transferee's new facility.

Lieutenant Frank B. Ireland presided over the plaintiff's disciplinary hearing, held in May 1991. Prior to the hearing, the plaintiff had requested that Cruz be summoned to testify regarding law library practice. At the beginning of the hearing, Ireland acknowledged this request, and Bedoya indicated that he was still interested in having the witness summoned. The plaintiff then presented his version of events, including his description of the existing system for returning legal papers to transferred inmates. The hearing was then postponed so that Ireland could hear testimony from Van Camp, who essentially confirmed the plaintiff's statements on library procedures and elaborated on the misbehavior report he had filed against him. After Van Camp completed his testimony, Ireland asked the plaintiff whether he wanted to explore any other issues during the hearing:

Mr. Bedoya, I don't know where you and I go from here.... *[I]f there's some direction that you'd like this hearing to go in, then I'm willing to go that way....* But as I see it now, I think you've explained yourself extremely well and I see at this point my position to think over everything that's been placed in front of me, not only what you said but what Officer Van[ ]Camp has said. To grow into my own mind the inadequacies of our own Law Library Department and to render a disposition.... *If you feel, however, that there is more dialogue necessary or there's some other direction you'd like to go in, it's your [time].*[1]

---

1. The official transcript of the disciplinary hearing indicates that the final word in this passage

was inaudible. Lieutenant Ireland's affidavit,

(Emphasis supplied.) The plaintiff responded: "No, the only thing I can add is you can be sure this will never happen again." Ireland then brought the hearing to a close: "Okay.... Then I think we're in agreement that it's time for a disposition." The plaintiff agreed: "Yes." Accordingly, the hearing proceeded to a disposition, without Bedoya or Ireland making any reference at this stage in the proceedings to calling Cruz as a witness. Ireland later declared that he had thought the plaintiff no longer felt the need to call Cruz in light of the other testimony that had been elicited at the hearing.

Following a brief adjournment, Ireland rendered a decision on the record, finding the plaintiff guilty of three of the six charges. The plaintiff was placed in "keeplock" confinement for thirty days, lost his television privileges for this same time period, and was prohibited from continuing to volunteer in Wende's law library or mental health unit. Ireland's disposition was affirmed on administrative appeal.

The plaintiff commenced this § 1983 action *pro se* in the district court in May 1993, alleging, *inter alia*, that he had a protected liberty interest in not being confined to keeplock for thirty days and that defendant Ireland had violated his right to procedural due process by not summoning Cruz to testify at the disciplinary hearing.[2] The plaintiff sought both monetary damages and declaratory relief.

The plaintiff moved for summary judgment on October 25, 1993. In an order dated September 29, 1994, Judge Telesca denied the motion without prejudice to its renewal after the completion of discovery and supplemental briefing. When the plaintiff renewed the motion in November of that year, the defendants cross-moved for summary judgment on several grounds, claiming chiefly that the plaintiff had not been denied his right to procedural due process and that absolute and qualified immunity shielded certain defendants from liability.

In a thoughtful Decision and Order dated July 18, 1995, Judge Telesca granted the defendants' motion for summary judgment and dismissed the complaint. He concluded that Ireland had not, as the plaintiff alleged, refused to summon Cruz in contravention of the plaintiff's due process rights. Rather, he found that the plaintiff had waived his right to have Cruz testify by failing to reiterate his request for the witness when given the opportunity to do so toward the close of the hearing and by acquiescing in Ireland's decision to conclude the proceedings. Having thus disposed of the due process claim, the plaintiff's derivative claims necessarily failed. The court did not reach the immunity or other issues raised in the defendants' motion.

This appeal, in which the plaintiff pursues only the procedural due process claim, followed.

## II. DISCUSSION

■ We review the district court's grant of summary judgment de novo, construing all facts in the light most favorable to the non-moving party, in this case the plaintiff. *Sulewski v. Federal Express Corp.*, 933 F.2d 180, 182 (2d Cir.1991).

To award damages under 42 U.S.C. § 1983 for an alleged violation of procedural due process, a court must find that, as the result of conduct performed under color of state law, the plaintiff was deprived of life, liberty, or property without due process of law. There is no dispute that the defendants in this case acted under color of state law. What remains is a two-pronged inquiry: (1) whether the plaintiff had a protected liberty interest in not being confined in keeplock for thirty days; and, if so, (2) whether the depri-

---

however, quotes this same passage from the transcript with "time" as the final word.

2. The plaintiff also pleaded a state statutory violation, a claim against Van Camp, and certain derivative claims based on the alleged failure of the defendant Frank E. Irvin, superintendent of Wende, to supervise and properly train his subordinates and the alleged failure of the defendants

Thomas A. Coughlin, III (Commissioner of DOCS) and Donald Selsky (Deputy Commissioner of DOCS) to remedy the alleged violations on administrative appeal. In an order of September 10, 1993, granting the plaintiff's request to proceed *in forma pauperis*, Judge Telesca dismissed the state statutory claim as well as the claim against Van Camp and the respondeat superior component of the plaintiff's claim against Irvin.

352

vation of that liberty interest occurred without due process of law. *See Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 460–61, 109 S.Ct. 1904, 1908–09, 104 L.Ed.2d 506 (1989). Inasmuch as we conclude that the district court properly found, as a matter of law, that the plaintiff was not deprived of a due process right by the hearing officer's failure to call Cruz as a witness, we need not reach the issue of whether, in light of the Supreme Court's decision in *Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the plaintiff had a protected liberty interest in being free from the thirty days of keeplock with which he was penalized. *See id.* at ——, 115 S.Ct. at 2300 (rejecting prior practice of using prison regulations to identify inmate liberty interests in favor of standard requiring "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

■ An inmate has a due process right to summon witnesses in his defense at a prison disciplinary hearing, provided facility officials do not determine that this would in any way threaten institutional safety or correctional goals. *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 2979–80, 41 L.Ed.2d 935 (1974). The plaintiff argues that Ireland tacitly refused to summon Cruz as a witness in violation of this right. We agree with Judge Telesca, however, that "[n]o reasonable person, reading the portion of the hearing record [that we quoted] above, could conclude that Ireland was denying Bedoya his opportunity to call a witness." We are persuaded that the district court was correct in concluding, as a matter of law, that the plaintiff had waived his right to call Cruz as a witness.

■ Federal and state courts in this circuit have recognized that an inmate's silence can constitute a waiver of his due process right to request witness testimony at a disciplinary hearing. *See Chapple v. Keane,* 903 F.Supp. 583, 585 (S.D.N.Y.1995); *Wolfe v. Carlson,* 583 F.Supp. 977, 982–83 (S.D.N.Y. 1984); *Majid v. Henderson,* 533 F.Supp. 1257, 1273 (N.D.N.Y.), *aff'd mem.,* 714 F.2d 115 (2d Cir.1982); *Gomez v. Coughlin,* 140 A.D.2d 902, 904, 528 N.Y.S.2d 722, 723 (3d Dep't 1988) (finding waiver where inmate "was specifically asked at the hearing if he would like to have anything else considered, [and] he replied in the negative"). An analogous rule has been applied in the civil trial context. *See Fitzpatrick v. Board of Educ.,* 578 F.2d 858, 860–61 (10th Cir.1978) (finding waiver of plaintiffs' right to call witness, a right that plaintiffs had reserved earlier in trial, because they failed to raise issue at end of trial when judge asked if parties were prepared to rest).

■ As the quoted passage from the hearing transcript indicates, Ireland asked Bedoya whether he wanted to pursue additional topics, and the plaintiff responded only that he would never again engage in the proscribed conduct. The plaintiff then agreed when Ireland went on to suggest that it was "time for a disposition" in the case. We agree with the district court that the plaintiff waived his right to call the witness by failing either to reiterate his request for Cruz's testimony when given the opportunity or to object to the close of the hearing.

Ireland's inquiry as to whether there was "some direction that [the plaintiff would] like th[e] hearing to go" easily distinguishes this case from those the plaintiff has drawn to our attention, in which silence was held *not* to effect a waiver of an inmate's right to summon witnesses. *See McCann v. Coughlin,* 698 F.2d 112 (2d Cir.1983); *McCormack v. Cheers,* 818 F.Supp. 584 (S.D.N.Y.1993). Inmates in these cases were found to have been discouraged from requesting witnesses at their disciplinary hearings. In *McCann,* the court held that an inmate's failure to ask for a witness could not constitute a waiver in light of a longstanding policy at his facility prohibiting inmates from calling witnesses. 698 F.2d at 123. Similarly, the court in *McCormack* concluded that an inmate's failure to make a fourth request for a witness during his hearing did not constitute a waiver; the hearing officer's disregard for the inmate's first three requests during the hearing was sufficiently discouraging that the inmate could not have been expected to attempt a fourth. 818 F.Supp. at 595. In contrast, the transcript of the plaintiff's disciplinary hearing in this case contains nothing to suggest that Ireland in any way discouraged the plaintiff from requesting that Cruz be summoned as a witness. To the contrary, the transcript reveals that Ireland conducted the proceedings carefully and fairly; it was Ireland, as noted above, who remarked at the

beginning of the hearing that Bedoya had requested Cruz's testimony. Most importantly, the dialogue at the conclusion of the hearing reveals a clear opportunity when the plaintiff could have asked that Cruz testify. He did not do so, however, and he thereupon acquiesced in Ireland's decision to conclude the hearing.

### III. CONCLUSION

We agree with the conclusion of the district court that there was no denial of due process in the hearing officer's failure to call Angel Cruz as a witness in the plaintiff's disciplinary hearing. The plaintiff's failure to request the witness's appearance prior to the close of the hearing, and his acquiescence in the hearing officer's decision to end the hearing, constituted a waiver of any right he may have had to call the witness. In these circumstances, we need not decide whether the penalties the plaintiff received following his disciplinary hearing infringed on a constitutionally protected liberty interest.

The judgment of the district court is affirmed.