107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Dexter MURRAY, Plaintiff-Appellant,
v.
T. DIXON, Acting Captain (Lt.); James, Captain;
Hennenberg, Captain; E.R. Donnelly, Dep. Supt. Security;
Walter R. Kelly, Superintendent; Donald Selsky, Director of
D.O.C.S. "Shu"; Thomas A. Coughlin, III, Commissioner of
DOCS, Defendants-Appellees.
 No. 96-2409.
 United States Court of Appeals, Second Circuit.
 Feb. 20, 1997.
 
 Counsel for Plaintiff-Appellant: Dexter Murray, pro se, Pine City, N.Y.
 Counsel for Defendants-Appellees: Dennis C. Vacco, Attorney General of the State of New York (Nancy A. Spiegel, Assistant Attorney General; Peter G. Crary, Assistant Attorney General; Denise A. Hartman, Assistant Attorney General), Albany, New York.
 PRESENT: HON. JOSEPH M. MCLAUGHLIN, HON. GUIDO CALABRESI, HON. DONALD P. LAY,* Circuit Judges.
 ORDER
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York (Skretny, J.), it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 Dexter Murray, pro se and incarcerated, appeals from a May 1, 1996 judgment of the United States District Court for the Western District of New York (Skretny, J.), granting defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 claim.
 
 
 1
 Following an incident that occurred while Murray was being transported from a court appearance back to the correctional facility in February 1993, a misbehavior report was filed against Murray. At the subsequent Tier III administrative hearing, Murray was found guilty of engaging in violent conduct, attempted escape, assault on staff, and other related violations. He was sentenced to 365 days in the Special Housing Unit, 365 days loss of phone privileges, 12 months loss of "good time" credits, and 90 days "keeplock" after completion of his confinement in SHU. Murray filed an administrative appeal to defendant Donald Selsky, who reversed the disposition and ordered a rehearing on the ground that the hearing officer failed to state his reasons for refusing to allow Murray to call witnesses.
 
 
 2
 In May 1993, Murray was again served with the misbehavior report, and a few hours later was informed that the prior hearing disposition had been reversed. At the Tier III rehearing, Murray was found guilty of all of the charges against him, and sentenced to 365 days in SHU with 107 days credited, 90 days keeplock and 455 days loss of phone privileges. He was not sentenced to a loss of good time. Murray again appealed administratively, and the results of the rehearing were affirmed. After the affirmance, in November 1993, Murray filed a complaint pursuant to 42 U.S.C. § 1983 against the defendants, who are various prison officials, alleging that he did not receive a fair disciplinary hearing, and that he was therefore subjected to a disciplinary sentence without due process of law.
 
 
 3
 On a motion from the defendants, in September 1994, the portion of Murray's complaint alleging a due process violation at the initial hearing was dismissed in September 1994. A year later, after the defendants filed an answer, Murray filed a cross-motion for summary judgment and for assignment of counsel, and moved to reinstate the portion of his complaint addressing the initial hearing.
 
 
 4
 In October 1995, Magistrate Judge Leslie G. Foschio denied Murray's motion for appointment of counsel, and in March 1996, issued a report and recommendation advising the district court to grant the defendants' motion for summary judgment and to deny Murray's cross-motion for partial summary judgment. The magistrate judge found that (1) Murray had not demonstrated that the defendants Coughlin and Kelley were personally involved in the alleged deprivation of Murray's rights, and (2) Murray did not demonstrate that he was deprived of a liberty interest protected by the Due Process Clause. The Magistrate Judge also recommended that the district court deny Murray's motion for reinstatement of that portion of his complaint dealing with his initial hearing on the ground that it would be futile.
 
 
 5
 The district court adopted the Magistrate Judge's report in its entirety, and despite a motion by Murray for an extension of time to file objections to the report because he had not received adequate notice of the judgment, the district court entered final judgment for the defendants on May 1, 1996. Murray appeals arguing (1) that his failure to object to the report and recommendation within ten days should be excused; (2) that the Magistrate Judge's failure to assign counsel was an abuse of discretion; (3) that the Magistrate Judge erred in finding that he had been denied a liberty interest, in part as a result of failing to consider fully the circumstances of Murray's disciplinary sentence.
 
 
 6
 A party may be barred from further judicial review unless he files any objections to a magistrate judge's report and recommendation within ten days after being served with the report. See IUE AFL-CIO Pension Fund v. Herrman, 9 F.3d 1049, 1054 (2d Cir.1993). In this case, however, since Murray is acting pro se, and it is not clear that Murray received the report in a timely fashion, we cannot find that he had "clear notice" of the consequences of his failure to object. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.1992). For this reason, we excuse his failure to object within ten days.
 
 
 7
 The district court has broad discretion to appoint counsel in a civil case. The threshold test for the appointment of counsel to indigent claimants in civil cases is the apparent merits of the case. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989). In the case before us, appointment of counsel was denied unless and until Murray's complaint survived a motion for summary judgment. This application of the threshold test did not constitute an abuse of discretion. As a result, we affirm the denial of Murray's motion for the appointment for counsel.
 
 
 8
 We review a grant of summary judgment de novo. Bedoya v. Coughlin, 91 F.3d 349, 351 (2d Cir.1996). Moreover, we liberally construe the pleadings of a pro se plaintiff, particularly when he alleges a civil rights violation. See Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993). In order to state a procedural due process claim under 42 U.S.C. § 1983 with respect to a prison disciplinary hearing, an inmate must allege that he was deprived of a protected liberty interest without due process of law. See Bedoya, 91 F.3d at 351-52. Since Murray has failed to allege facts showing that his hearing was conducted without due process, we affirm the district court's grant of summary judgment.
 
 
 9
 Although Murray claims that he received inadequate notice of the disciplinary rehearing, he admits to being timely served with the misbehavior report and has acknowledged that the report indicated that it was being served with respect to a rehearing of the original charges. Moreover, while Murray alleges that he was denied the services of an employee assistant during the hearing despite having reserved his right to one, he admits that he refused to sign the required request for employee assistance presented to him when he was served with the misbehavior report, and he does not allege that he requested assistance between his refusal and the hearing. Under the circumstances, the hearing officer did not err in concluding that Murray had waived his right to assistance. Finally, although Murray has asserted that his rights were violated when he was excluded from the hearing, he does not deny that he repeatedly stated to the hearing officer, "You can take me back now." Notwithstanding his assertion that he said this because he was frustrated with the hearing officer's failure to provide assistance, the exclusion was clearly voluntary. Since Murray received notice, waived assistance, and voluntarily left his disciplinary hearing, we conclude that he was not deprived of due process of law. Because we conclude that Murray received due process in his second disciplinary hearing, we need not decide whether the penalties he received following the hearing infringed on a constitutionally protected liberty interest or whether some or all of the defendants were entitled to qualified immunity with respect to Murray's claims.
 
 
 10
 A plaintiff may state a claim under section 1983 for damages for the portion of a sentence already served that resulted from a procedurally defective hearing, even if that hearing was reversed administratively. See Mays v. Mahoney, 23 F.3d 660, 662 (2d Cir.1994), cert. denied, 115 S.Ct. 2608 (1995); Walker v. Bates, 23 F.3d 652, 658-59 (2d Cir.1994), cert. denied, 115 S.Ct. 2608 (1995). But because Murray's new sentence credited the time he had already served from the original sentence, he did not suffer damage from the initial hearing. As a result, we agree with the district court and magistrate judge that reinstatement of the portion of Murray's complaint dealing with the original hearing would be futile.
 
 
 11
 We have examined all of Murray's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation