Elizabeth THOMAS, Plaintiff–Appellant,

v.

T.G. EGAN, C.O.R.C., Deputy Commissioner; Elaine Lord, Superintendent of Bedford Hills Correctional Facility; Fenton, of Security at B.H.C.F.; Starck, of B.H.C.F.; Taylor, Acting Watch–Commander at B.H.C.F.; Green, Employee, at B.H.C.F.; Cestro, Employee, at B.H.C.F.; Buchan, Employee at B.H.C.F. Officer; Scott Thomas, Employee at B.H.C.F., Officer, in Their Official and Individual Capacities; Elaine Lord, Superintendent of the Bedford Hills Correctional; Joseph Smith, Deputy of Programs at Bedford Correctional Facility; Fenton, Deputy of Security at the Bedford Hills Correctional Facility, Defendants–Appellees.

No. 00–0164.

United States Court of Appeals,
Second Circuit.

Jan. 10, 2001.

Elizabeth Thomas, Bedford Hills, NY, pro se.

Eliot Spitzer, Attorney General of the State of New York, New York, NY; Robert A. Forte, Deputy Solicitor General, Marion R. Buchbinder, Assistant Solicitor General, Efrem Z. Fischer, Assistant Attorney General, of counsel.

Present FEINBERG, CARDAMONE and PARKER Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Elizabeth Thomas, *pro se* and incarcerated, appeals from the judgment of the United States District Court for the Southern District of New York (Preska, J.) entered on March 27, 2000, granting defendants' motion for summary judgment dismissing her complaint in its entirety. Thomas filed this complaint under 42 U.S.C. § 1983, alleging that defendants interfered with her right to access the courts by reading, confiscating and subsequently losing her legal papers. In her opposition to defendants' motion for summary judgment, Thomas, for the first time, raised a First Amendment retaliation claim, alleging defendants retaliated against her for filing grievances and complaints against them.

This Court reviews orders granting summary judgment *de novo*, determining whether the district court properly concluded that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *See Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir.1996).

Prisoners have a constitutional right of access to the courts, which is infringed when prison officials interfere with a prisoner's preparation of legal documents. *See Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To state a claim of denial of access to the courts, an inmate must allege an actual injury. *See id.* at 349. Although Thomas alleged that defendants read and confiscated her legal papers prepared in anticipation of filing a class action, she offered no support, sufficient to defeat a summary judgment motion, that she suffered any actual injury. For instance, Thomas did not allege that the confiscated materials prevented her from pursuing the class action suit. Instead, she offered conclusory allegations that she suffered harm; these conclusory allegations, as the district court concluded, are insufficient under *Lewis*.

Thomas' retaliation claim was raised for the first time in her opposition papers to defendants' motion for summary judgment. A claim must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim. *See* Fed.R.Civ.P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, it is inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion. *See Beckman v. United States Postal Serv.*, 79 F.Supp.2d 394, 407 (S.D.N.Y.2000). Ordinarily, a district court presented with such a situation could grant plaintiff leave to amend her complaint, incorporating these new claims. *See id.* at 408.

"[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed...." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.1983). To state a claim for retaliation, Thomas must allege (1) that her disciplined conduct was constitutionally protected, and (2) that defendants' acts were motivated, in whole or in part, by her conduct. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir.1996). The district court here reviewed Thomas' retaliation claim on the merits, although it was raised for the first time in opposition to defendants' motion for summary judgment, and concluded that Thomas' claims were too conclusory to defeat summary judgment. The district court noted that Thomas failed to proffer evidence of defendants' motivation or that there was a causal connection between her protected conduct and defendants' actions. *See Easton v. Sundram*, 947 F.2d 1011, 1015 (2d Cir. 1991) (holding that to state a First Amendment retaliation claim under § 1983, plaintiff must allege that defendants engaged in acts of retaliation that were motivated by or substantially caused by plaintiff's exercise of free speech). Because such allegations were absent from her retaliation claim, the grant of summary judgment was proper.

For the reasons set forth above, the judgment of the district court is AFFIRMED.