No. 00–9038.

United States Court of Appeals, Second Circuit.

April 16, 2001.

Mr. Lonnie WOODS, Mr. Darren Terry, Plaintiffs–Appellants,

v.

D.S. Gary RUFFINO, Supv. F. Michetti, Supv. F. Lombardo, Supv. J. Russo, Supv. P. Kiernan, Supv. R. Aviles, Sup. T. Aguayo, Supv. W. Bellezza, Supv. D. Palmentero, Supv. R. Schnnick, Supv. C. Kelly, Supv. K. O'Neal, Supv. W. Rooney, Bronx Boro Comm., Mr. P. Marino, A .B.S., D. Agzzi, Chief J. Ardizon, Chief A. Punzi, 831 Union Lawyer, Mr. Allen Cohen, S. Toscano, Advocate Officer, Mr. J. Doherty, Comm. of Dept. of Sanitation, New York City Department of Sanitation, Uniformed Sanitationmens Association, Defendants–Appellees.

Lonnie Woods, Darren Terry, Bronx, NY, pro se.

Alan M. Klinger; for Uniformed Sanitationmens Association and Allen Cohen, Stroock & Stroock & Lavan LLP, Marta Ross Assistant Corporation Counsel for the City of New York; for City defendants-appellees, New York, NY, for appellees.

Present FEINBERG, McLAUGHLIN, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Lonnie Woods and Darren Terry ("Woods" and "Terry"), plaintiffs-appellants, appeal from a July 20, 2000 order of the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge*) granting the defendants-appellees' motion for summary judgment and dismissing plaintiffs-appellants' complaint, which alleged racial discrimination in violation of Title VII.

To establish a prima facie case of racial discrimination under Title VII, a plaintiff must show that (1) he is a member of a protected class; (2) his job performance was satisfactory; (3) he was subject to an adverse employment action; (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination based on race. *See, e.g., McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Hargett v. Nat'l Westminster Bank, USA,* 78 F.3d 836, 838 (2d Cir.), cert. denied, 519 U.S. 824, 117 S.Ct. 84, 136 L.Ed.2d 41 (1996); *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 464 (2d Cir.1989). The district court granted appellees' motion for summary judgment because the plaintiffs failed to produce any evidence of "circumstances giving rise to an inference of discrimination." *Rosen v. Thornburgh,* 928 F.2d 528, 532 (2d Cir. 1991).

We review orders granting summary judgment de novo, construing all facts in the light most favorable to the non-moving party. *See Bedoya v. Coughlin,* 91 F.3d 349, 351 (2d Cir.1996). Reliance upon conclusory statements or mere allegations is not sufficient to defeat summary judgment. *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir.1993). Because the appellants' allegations of discrimination are conclusory and wholly without evidentiary support, we hold that the district court's decision to grant summary judgment was appropriate.[1]

---

1. Alternatively, with respect to defendant-appellee Allen Cohen, summary judgment was proper because he was not named in the plaintiffs' EEOC charge or the "right to sue letters issued by the EEOC and the "identity of interest" exception was not satisfied. *See Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991). In addition, summary judgment was proper because an employer's agents cannot be held individually liable under Title VII. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1312–13 (2d Cir.1995), *abrogated on other grounds by, Burlington Indus. Inc. v. Ellerth,*

524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).