Wayne BALLARD, Plaintiff–Appellant,

v.

NEW YORK CITY HEALTH
AND HOSPITALS CORP.,
Defendant–Appellee.

Docket No. 00–7995.

United States Court of Appeals,
Second Circuit.

June 13, 2001.

Wayne Ballard, Brooklyn, NY, pro se. Michael D. Hess, Corporation Counsel of the City of New York, New York, NY; Larry A. Sonnenshein and Mordecai Newman, on the brief on submission, for appellee.

Present WINTER, McLAUGHLIN and POOLER, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Wayne Ballard appeals from an order granting summary judgment to defendant. We affirm.

Ballard filed a Title VII claim against the New York City Health and Hospitals Corporation ("NYCHHC") in February 1998. Ballard's complaint alleged he had been terminated from his job as an emergency medical technician and subjected to unequal terms of employment based on his gender and race. Shortly after, with leave of the court, Ballard amended his complaint to include only the gender discrimination claims. Ballard sought an award of $750,000 and five years back pay; reinstatement to his job with full seniority and all benefits; having NYCHHC bring his insurance payments up to date; and to be cleared of any wrongdoing.

After the completion of discovery, the NYCHHC filed a motion for summary judgment. The district court granted the motion, finding Ballard did not present sufficient evidence to make out a *prima facie* case of gender discrimination. The district court concluded Ballard could neither show he was qualified for the job nor produce evidence of facts giving rise to an inference of discrimination. Even assuming Ballard could make out a *prima facie* case, the district court found NYCHHC presented evidence of legitimate, non-discriminatory reasons for Ballard's termination which Ballard could not rebut. NYCHHC introduced undisputed evidence that Ballard was issued three prior warning notices; two formal charges of misconduct and two counseling conferences. Judgment against Ballard was entered on August 3, 2000, and this timely appeal followed.

On appeal, Ballard argues the district court erred in granting summary judgment because there are genuine issues of material fact which should have been sent to a jury to decide. We review grants of summary judgment *de novo*. *Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir.1996).

Our review of the record shows the district court did not err in its analysis. Thus, primarily for the reasons given in the district court's thorough memorandum and order, we affirm the grant of summary judgment.

We have examined the remainder of Ballard's arguments and we find them without merit.