**Joseph GRAZIOSA, Plaintiff–Appellant,**

v.

**NEW YORK CITY, City University of New York, York College, Defendants–Appellees.**

**Docket No. 01–7484.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2002.

**692**

Joseph Graziosa, pro se, East Meadow, NY, for Appellant.

Patrick J. Walsh, Assistant Solicitor General, (Marion R. Buchbinder, Assistant Solicitor General, on the brief), New York, NY, for Appellees.

Present POOLER, SOTOMAYOR, Circuit Judges, and KAPLAN, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Joseph Graziosa appeals from the March 19, 2001 judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge* ), granting defendants' motion for summary judgment and dismissing Graziosa's complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the American with Disabilities Act, 42 U.S.C. § 12112.

Graziosa has been employed by defendants as a mail messenger since 1971. Graziosa has had several different civil service titles during his employment, but his primary employment functions have remained the same. Graziosa alleges that defendants discriminated against him in his employment on the basis of his race, gender, and disability. Specifically, Graziosa alleges that he has been denied promotional opportunities and wage increases and has been subject to unequal terms and conditions of employment. As examples of defendants' alleged discriminatory conduct, Graziosa cites numerous statements made by his immediate supervisor, all occurring in the 1980s, a menacing act by the supervisor, and restrictions placed on his duties. In addition, in March 1999, Graziosa was transferred from the mail room to the print shop. Graziosa alleges that this transfer is a discriminatory act. Finally, Graziosa argues that he should be classified at a higher civil service level than he is currently classified and that his salary should be significantly higher than what it is currently. The district court granted summary judgment on all of Graziosa's claims, finding that the claims based on specific actions were time-barred and that Graziosa did not establish a prima facie case on the claims of failure to promote and unequal pay. We review the district court's decision granting summary judgment *de novo*. *See Bedoya v. Coughlin,* 91 F.3d 349, 351 (2d Cir.1996).

Graziosa filed a charge with the EEOC in January 1994. Following the issuance of a right to sue letter in November 1996, Graziosa filed this complaint in December 1996. Plaintiffs bringing

---

* The Honorable Lewis A. Kaplan, United States District Court Judge for the Southern District of New York, sitting by designation.

charges under Title VII and the ADA must file a charge with the EEOC within 300 days of the allegedly discriminatory action. *See* 42 U.S.C. § 2000e–5(e)(1). Thus, Graziosa's claims relating to specific actions taken by the defendants in the 1980s were not timely filed with the EEOC, and his claims on those actions are time barred. Furthermore, Graziosa had not alleged a policy or practice of ongoing discrimination such that he might be entitled to an extension based on a continuing violation. *See Cornwell v. Robinson,* 23 F.3d 694, 703–04 (2d Cir.1994). Graziosa does not demonstrate a connection between the alleged discriminatory comments defendants made in the early 1980s and his transfer in 1999.

The court also properly dismissed Graziosa's claims of failure to promote and unequal pay for failure to establish a prima facie case. Graziosa did not allege that he was qualified for a promotion, that he applied for a promotion, or that a position existed to which he could have been promoted. In fact, Graziosa's own admissions establish that he was not qualified for a promotion. Graziosa also did not establish that he was paid less than any other employee of the same employment level who was not a member of a protected class. Finally, we affirm the dismissal of Graziosa's ADA claims on the ground that the district court lacked subject matter jurisdiction over those claims because defendants are part of the State of New York, and, as such, they are protected by Eleventh Amendment immunity. *See Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

We find all of Graziosa's remaining arguments to be without merit.