### A. Cecilia BABALOLA, Plaintiff–Appellant,

v.

**B.Y. EQUITIES INC.,** Clinton Hill Apartment Owners Corp., Michele Slochowsky–Hering, Hon. Laurie L. Lau, Issac Stern Realty & Property Management, United Securities Servicers Inc., Clinton Hill Equities Group, Defendants–Appellees.

Docket No. 02–9201.

United States Court of Appeals, Second Circuit.

April 11, 2003.

A. Cecilia Babalola, Brooklyn, NY, pro se.

Ira Greene, Brooklyn, NY, for Appellees, B.Y. Inc., Michele Slochowsky–Her-

---

ing, Hon. Laurie L. Lau, Isaac Stern Realty & Property Management, and United Securities Servicers, Inc.

Ross P. Masler, Feldman & McGraw, New York, NY, for Appellee, Clinton Hill Equities Group.

Evan J. Spelfogel, Epstein, Becker & Green, P.C, New York, NY, for Appellee, Clinton Hill Apartment Owners Corp.

Present: WALKER, Chief Judge, OAKES, and NEWMAN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

In May 1998, A. Cecilia Babalola filed a counseled complaint against defendants B.Y. Equities Inc., Isaac Stern Realty and Property Management, United Securities Servicers Inc., Clinton Hill Apartments Owners Corp., Michele Slochowsky–Hering, and the Hon. Laurie L. Lau, Housing Court Judge, claiming violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, and the Civil Rights Act of 1968, 42 U.S.C. §§ 1981, 1982, 1983, and 1985(2). Clinton Hill Equities Group was later added as a defendant in Babalola's amended complaint.

In August 1998, the district court granted Hon. Laurie L. Lau's motion to dismiss the claims against her, as barred by the Eleventh Amendment and the doctrine of absolute judicial immunity. Babalola has not appealed that order.

In June 2002, Magistrate Judge Cheryl L. Pollack issued a report recommending that the district court grant the remaining defendants' motion for summary judgment and to dismiss Babalola's complaint. The magistrate judge concluded, *inter alia,*

that the court lacked jurisdiction to review Babalola's claims because they were barred by the *Rooker–Feldman* doctrine, which prohibits federal courts from considering claims that are "inextricably intertwined" with prior state court determinations. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeal v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Specifically, the magistrate judge found that the review of Babalola's claims would necessitate a review of a prior decision by the New York State housing court, ordering Babalola's eviction based on a finding of non-payment of rent: "Before this Court could find that plaintiff has been the victim of a discriminatory conspiracy to wrongfully evict her from her apartment, the Court would have to hold that the state courts erred in issuing a warrant for eviction based on nonpayment of rent, that the decision was incorrectly affirmed by the Appellate [Term], and that leave to appeal was improperly denied by the Appellate [Division]." Therefore, the magistrate judge concluded that Babalola's claims were "inextricably intertwined" with the state court decisions and, thus, that the district court lacked subject matter jurisdiction to review those claims under the *Rooker–Feldman* doctrine. In an order dated September 23, 2002, after reviewing Babalola's objections to the magistrate judge's report, the district court adopted the report and granted defendants' motions for summary judgment.

On appeal, Babalola argues that (1) defendants were "negligent in exercising [their] duty and right to protect plaintiff from housing discrimination and civil rights violations"; (2) defendants deliberately made her apartment uninhabitable; (3) defendants profited from her eviction; (4) she was denied the opportunity to rent

her apartment because of her race and national origin; and (5) an issue of fact exists as to the defendants' contractual responsibilities and the role that defendant Slochowsky–Hering played in evicting minorities from the Clinton Hill apartments.

We review orders granting summary judgment *de novo*. *See Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir.1996). The magistrate judge and Judge Raggi correctly concluded that, under the *Rooker–Feldman* doctrine, the district court lacked jurisdiction to consider Babalola's claims. As the magistrate judge explained in her very thorough report and recommendation, a review of the complaint would necessitate an inquiry into the propriety of the eviction warrant issued by the housing court, and the affirmance of that decision by the Appellate Term and the denial of leave to appeal to the Appellate Division. Such inquiry is clearly barred under the *Rooker–Feldman* doctrine. *See Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 482.

Accordingly, the decision of the District Court is **AFFIRMED**.