**SOCIÉTÉ GÉNÉRALE, Plaintiff–Appellee,**

v.

**U.S. BANK NATIONAL ASSOCIATION, Defendant–Third–Party–Plaintiff–Appellant.**

**Docket No. 04–4503.**

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Todd C. Pearson, Dorsey & Whitney LLP, Minneapolis, MN (Patrick J. McLaughlin, Dorsey & Whitney; Bruce R. Ewing and Joseph B. Shumofsky, Dorsey & Whitney LLP, New York, NY, of counsel), for Appellant.

Joseph J. Sullivan III, Sheindlin & Sullivan, LLP, New York, NY, for Appellee.

PRESENT: MESKILL, CABRANES Circuit Judges, and MUKASEY, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant–Appellant U.S. Bank National Association ("U.S.Bank") appeals from a July 20, 2004 Memorandum Order of the District Court, *Société Générale v. U.S. Bank Nat'l Ass'n,* 325 F.Supp.2d 435 (S.D.N.Y.2004), granting plaintiff Société Générale's motion for summary judgment in a breach of contract action and entering judgment in favor of plaintiff in the amount of $222,998.88.

On appeal, U.S. Bank asserts principally that the District Court (1) misinterpreted New York law when it stated that "New York law presumes that in a contract between a trustee and a third party, personal liability on behalf of the trustee attaches unless the contracting parties have clearly agreed otherwise," (2) erroneously concluded, upon reviewing the language of the Reserve Fund Agreement, that Bank of America Arizona ("BOAA") and its successor banks (including, ultimately, U.S.Bank) failed to overcome the presumption of personal liability by including within the contract sufficiently "clear limiting language"

indicating that they undertook their contractual obligations solely in their capacity as trustees, rather than as individuals, and (3) erred in finding that U.S. Bank assumed the personal obligations of its predecessor bank, Bank of America Arizona.

We review the District Court's grant of summary judgment *de novo,* construing all facts in the light most favorable to the non-moving party, in this case, defendant U.S. Bank. *Bedoya v. Coughlin,* 91 F.3d 349, 351 (2d Cir.1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

With regard to U.S. Bank's first two arguments on appeal, we hold that the District Court did not err either in interpreting and stating New York law, or in applying that law to the facts of this case. U.S. Bank's third argument on appeal— that it did not assume the *personal* obligations of the BOAA—is without similarly merit because, upon our review of the record, we conclude that (1) the text of the Reserve Fund Agreement specifically binds successors to BOAA, (2) U.S. Bank had actual and constructive knowledge that it had assumed the personal contractual obligations arising out of the Reserve Fund Agreement, and (3) U.S. Bank's payment of semiannual fees to plaintiff confirms that it understood the nature of its

---

* The Honorable Michael B. Mukasey, Chief Judge, United States District Court for the Southern District of New York, sitting by designation.

contractual obligations, as inherited from predecessor banks.

\* \* \* \* \* \*

We have considered all of U.S. Bank's arguments on appeal and, substantially for the reasons stated in the District Court's Memorandum Order of July 20, 2004, *Société Générale v. U.S. Bank Nat'l Ass'n,* 325 F.Supp.2d 435 (S.D.N.Y.2004), have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.