13-3197-pr
*Rosales v. Kikendall*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 26th day of March, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                    *Chief Judge*,
               JOHN M. WALKER, JR.,
               DENNY CHIN,
                    *Circuit Judges.*

_____

LUIS ROSALES,

          *Plaintiff-Appellant*,

          - v -                                        No. 13-3197-pr

PAUL H. KIKENDALL, ASSISTANT COMMISSIONER, DONALD SELSKY, DIRECTOR SPECIAL HOUSING, RYAN ENGLISH, ROBERT A. KIRKPATRICK, SUPERINTENDENT, M. KEARNEY, CAPTAIN, KEN KIELISZEK, INMATE GRIEVANCE SUPERVISOR, L. HIGLEY, INMATE GRIEVANCE SERGEANT, SERGEANT ANDRUSZ, BENSON, CORRECTIONAL OFFICER, STREIT, CORRECTIONAL OFFICER, J. KENNEDY, COMMISSIONER HEARING OFFICER, LIEUTENANT KNEENAN, INMATE GRIEVANCE COORDINATOR,

          *Defendants-Appellees.*

_____

For Plaintiff-Appellant:          KAREN R. KING (Alex M. Hyman, *on the brief*), Paul,
                                              Weiss, Rifkind, Wharton & Garrison LLP, New York, New
                                              York.

1

For Defendants-Appellees: JONATHAN D. HITSOUS (Andrew B. Ayers, *on the brief*), *for* Barbara D. Underwood, Solicitor General, and Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.* & Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is hereby **VACATED** and this case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Luis Rosales appeals from a July 25, 2013 judgment dismissing this case, which followed a January 6, 2010 order granting a motion to dismiss (Larimer, *J.*) and a July 24, 2013 order granting summary judgment (Telesca, *J.*). Rosales, who is currently incarcerated, alleges that prison authorities retaliated against him for filing grievances by falsely charging him with misconduct, and deprived him of due process during the adjudication of those misconduct charges. We assume the parties' familiarity with the relevant facts, procedural history of the case, and the issues presented for review.

We begin with Rosales's First Amendment retaliation claim. The district court granted summary judgment on this claim because it found that there was no evidence of a causal link between Rosales's grievances and Benson's subsequent misconduct report. The district court reasoned that Rosales filed a grievance on July 28, 2006, but did not suffer the adverse action until the October 24, 2006 misbehavior report, and that this nearly three-month gap was too attenuated to support an inference that Benson had filed the misbehavior report in retaliation for Rosales's grievances.

2

We find that triable issues of fact exist as to whether there was a causal link between the grievances and the misconduct report. First, although Rosales filed an initial grievance on July 28, 2006, he continued to complain over the subsequent two-and-half months. In fact, on October 19—five days before the October 24 misbehavior report—Rosales sent a letter to Superintendent Kirkpatrick asking about complaints filed by Rosales' wife on his behalf. This much tighter temporal connection supports an inference of a causal link between Rosales's grievances and the misbehavior report. *See, e.g.*, *Treglia v. Town of Manlius*, 313 F.3d 713, 720–21 (2d Cir. 2002) (finding that temporal proximity should be measured by looking at the entire timeline of protected activity). Second, there is direct evidence of a causal connection between the grievances and the misbehavior report: Rosales has repeatedly claimed that Benson and others threatened to "set [him] up" if he did not resign his position on the Inmate Grievance Resolution Committee. *See, e.g.*, J.A. 27. Accordingly, we conclude that the district court erred by finding that there were no genuine disputes about the casual connection between Rosales's protected activity and the alleged retaliation. Moreover, while the defendants contend that they would have still disciplined Rosales for the October 24 incident even in the absence of the grievances, Rosales hotly contests that he engaged in any of the charged misconduct upon which defendants base their argument. At most, then, defendants have identified a disputed issue of fact about whether there still would have been a basis to punish Rosales. We therefore vacate the district court's grant of summary judgment on this claim.

We next turn to Rosales's procedural due process claim. "To award damages under 42 U.S.C. § 1983 for an alleged violation of procedural due process, a court must find that, as the result of conduct performed under color of state law, the plaintiff was deprived of life, liberty, or property without due process of law." *Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir. 1996). The

3

district court granted summary judgment on this claim because it found that "some evidence" supported Kennedy's decision at the Tier III hearing. *See* Special App. 27 (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 457 (1985)). The district court further found that Rosales's other claims of constitutional error at the proceeding, including his claims of inadequate legal assistance, were "harmless error not warranting denial of summary judgment." *Id.* at 28.

As the defendants concede, the district court erred by applying the "some evidence" standard to Rosales's claim. The "some evidence" standard governs how courts review a prison's substantive determination of guilt. *See Franco v. Kelly*, 854 F.2d 584, 588 (2d Cir. 1988). But Rosales did not challenge the substance of the disciplinary action, which had in any event already been overturned by the New York state courts. Instead, Rosales challenged the procedures by which he was found guilty.

Nonetheless, the defendants contend that we should affirm the grant of summary judgment for three reasons, none of them persuasive. First, they argue that they assisted Rosales to the best of their ability. Yet, even if we were to recognize a "best of their ability" defense to a procedural due process claim, that would at most create a jury issue about whether the defendants provided assistance "in good faith and in the best interests" of Rosales. *Eng v. Coughlin*, 858 F.2d 889, 898 (2d Cir. 1988).

Second, the defendants contend that any violation of Rosales's due process rights was harmless, because he did not identify any exculpatory evidence that was excluded as a result. But this argument misstates the record. Rosales has identified at least some evidence that could have changed the outcome of the disciplinary proceedings. Specifically, one of Rosales's fellow inmates, Mohamed Abbas, sent at least one letter to prison officials stating that he had witnessed

4

the alleged October 24 incident, that Rosales was "innocent," and that Abbas wished to testify on Rosales's behalf. *See* J.A. 81. Had the defendants "attempt[ed] to determine independently who the most relevant witnesses might be and to interview them," *Eng*, 858 F.2d at 898, there is at least a reasonable chance that they would have uncovered Abbas's exculpatory testimony. Accordingly, there are disputed issues of fact about whether any violations of Rosales's due process rights were harmless.

Third, defendants assert that they are shielded by qualified immunity, because no clearly established federal law required them to identify unknown witnesses. But in *Ayers v. Ryan*, 152 F.3d 77, 82 (2d Cir. 1998), we explained that "[t]his Court's decision in *Eng v. Coughlin . . .* , clarified for 'future cases' that an inmate transferred between facilities has the right to good faith assistance, and that 'an assigned assistant who does nothing' violates due process." Accordingly, defendants are not entitled to qualified immunity at this stage in the proceedings. As such, because the district court applied the wrong legal standard in evaluating Rosales's procedural due process claim, we vacate the district court's grant of summary judgment on that claim as well.

Finally, we address Rosales's claim against Kearney for failing to turn over the exculpatory letter he received from Mohamed Abbas, the inmate who claimed to have witnessed the October 24 incident. The district court dismissed this claim because, even assuming that *Brady* principles apply in prison disciplinary hearings, "[t]here is no indication of what the substance of [Abbas's] testimony would have been, much less that it would have been exculpatory with respect to [Rosales]." Special App. 10–11. But while the district court correctly noted that Rosales's complaint did not recite allegations about the substance of Abbas's potential testimony, Rosales attached Abbas's letter to his opposition to the defendant's motion to dismiss.

5

*See* J.A. 81. This letter stated that Abbas "would like to testif[y] in [Rosales's] hearing because [Rosales] is innocent." *Id.* Accordingly, the district court erred when it concluded that there was no indication that the testimony would have been exculpatory. Although we recognize that Rosales did not attach the Abbas letter to his initial complaint, Rosales was proceeding *pro se* at the time, and the district court should have treated Rosales's opposition as a constructive motion to amend his pleadings. *See, e.g.*, *Washington v. James*, 782 F.2d 1134, 1138–39 (2d Cir. 1986) ("[B]ecause [the plaintiff] was *pro se* and because a party may, as a matter of right, amend his complaint once at any time before a responsive pleading is served, the court, when ruling on a Rule 12 motion, should have given [the plaintiff] the benefit of the doubt, giving consideration to the affidavit and treating the complaint as if it had been amended."). Accordingly, we vacate the dismissal of this claim, and remand for further consideration.

The district court did not consider the question of whether Kearney was shielded by qualified immunity with respect to this claim. On remand, we suggest that the district court, after providing the parties an opportunity to be heard, consider this question as soon as practicable. Because, in the event that immunity is appropriate, it is immunity from further litigation "rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

We have considered the defendants' remaining arguments, and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **VACATED**, and this case is **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK