■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SAUGER, JR., Appellant.—Appeal from a judgment of the County Court of Broome County, rendered June 14, 1974, convicting defendant on his plea of guilty of the crime of criminal possession of a weapon in the fourth degree. During the early morning hours of February 8, 1973, two New York State troopers observed the car operated by the defendant as it made erratic movements while proceeding along the Stella Ireland Road in Broome County. The troopers stopped the defendant's vehicle and, while Trooper Clark asked the defendant for his operator's license and registration, Trooper Micilcavage, with the aid of a flashlight, observed the interior of the defendant's vehicle. He then advised Trooper Clark that he had observed what he thought to be the remains of a marijuana cigarette (a roach). Clark's observation roused the same suspicions and Trooper Micilcavage reached into the vehicle and removed the roach and, after close observations, the officers' suspicions were confirmed and the defendant was arrested and advised of his rights. A body search of the defendant produced, *inter alia,* several rounds of .22 calibre ammunition. Search of the vehicle produced nothing, but a search of the ground area near the left rear of the

vehicle where the defendant had been standing produced a loaded .22 calibre handgun for which the defendant had no permit. The defendant's subsequent motion to suppress the evidence seized was denied, whereupon the defendant pleaded guilty to the crime of criminal possession of a weapon in the fourth degree (CPL 265.01, subd [2]), a class D felony, and was sentenced to a conditional discharge for a period of three years. On appeal, the defendant asserts that there was no probable cause to arrest him and that it was error not to exclude the evidence seized because the search was illegal. We disagree. While it is true that an automobile may not be lawfully stopped upon the public highway because of whim, caprice or idle curiosity *(People v Ingle,* 36 NY2d 413, 420), it is equally true that it is enough if the stop is based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion" *(Terry v Ohio,* 392 US 1, 21; *People v Singleton,* 41 NY2d 402, 404; see, also, *People v Prochilo,* 41 NY2d 759). Put more simply, a motor vehicle on a public highway may be stopped only where the officer has specific cause or reasonable suspicion of a violation of law *(People v Singleton, supra,* p 404). This record reveals that the officers observed the vehicle making erratic movements upon the highway which could reasonably provoke suspicions that the operator was intoxicated or otherwise disabled and in our view this provided a "rational inference" and "reasonable suspicion" thereby justifying the stop. Referring next to the search, we find that, like the stop, it too was justified for the reason that a warrantless search may be properly made when the police officer, who is rightfully there, inadvertently comes upon such evidence which is in plain view *(People v Mangan,* 55 AD2d 247, 250; see *People v Brosnan,* 32 NY2d 254; *People v Rowell,* 27 NY2d 691). Here, the roach was in plain view and the officer concluded that it was marijuana. Removal of the roach for the purpose of close examination confirmed the officers' opinion and provided probable cause for the defendant's arrest. The search of his person which revealed the ammunition was clearly justifiable as incidental to his arrest *(Chimel v California,* 395 US 752, 762-763; *People v Singleteary,* 35 NY2d 528, 532). In conclusion, even if the search of the defendant and his vehicle were improper, suppression of the handgun would not be called for as fruit from a poisonous tree because the handgun was found outside the vehicle in plain view upon a public highway and would have inevitably been discovered (cf. *People v Fitzpatrick,* 32 NY2d 499, cert den 414 US 1033). Judgment affirmed. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.