ent—Hancock, Jr., J. P., Callahan, Doerr, Pine and Schnepp, JJ.

■ In the Matter of the Estate of ANN CAMPBELL, Deceased.—Order unanimously affirmed, without costs, for reasons stated at Chautauqua County Surrogate's Court, Cass, S. (Appeal from order of Chautauqua County Surrogate's Court, Cass, S.—compel return of estate property.) Present—Hancock, Jr., J. P., Callahan, Doerr, Pine and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOAZ E. TOBIE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant entered a guilty plea to one count of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and was sentenced to serve 4 to 12 years. Defendant did not move, prior to sentencing, to withdraw his plea, nor did he move to vacate the judgment. Therefore, defendant's claim on appeal that the plea allocution was insufficient to establish that the plea was voluntarily, intelligently and knowingly entered has not been preserved for review *(People v Pellegrino,* 60 NY2d 636; *People v Marnell,* 106 AD2d 906). Were we to reach this issue, we would conclude that defendant's argument is without substance. We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Wayne County Court, Parenti, J.—attempted murder, second degree.) Present—Dillon, P. J., Doerr, Denman, Boomer and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELVIN J. HOWARD, Respondent.—Order unanimously affirmed. Memorandum: The police officer had no authority to make an investigatory stop or to make an arrest for a traffic violation committed outside of his jurisdiction *(see,* CPL 140.10 [2] [a]; 140.50 [1]). (Appeal from order of Monroe County Court, Maloy, J.—dismiss indictment.) Present—Dillon, P. J., Doerr, Denman, Boomer and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK S. CASE, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted of burglary in the second degree and criminal mischief in the fourth degree. On review of the record, we find insufficient proof of "intent to commit a crime therein" (Penal Law § 140.25 [2]). The evidence does establish that the lesser included crime of criminal trespass in the second degree, Penal Law § 140.15, was committed. We reduce defendant's conviction on the first

count of the indictment to criminal trespass in the second degree and affirm his conviction of criminal mischief. Since he was sentenced concurrently on both crimes and has already served more than the maximum which can be imposed for criminal trespass in the second degree, resentencing is not required. (Appeal from judgment of Orleans County Court, Miles, J.—burglary, second degree.) Present—Dillon, P. J., Doerr, Denman, Boomer and Pine, JJ.