◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR TERRERO, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 7, 1987, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

The pivotal question on this appeal is whether County Court properly denied defendant's motion to suppress certain contraband taken from his person and automobile during a warrantless search. The suppression hearing minutes show that on August 26, 1986, at approximately 6:30 P.M., a State Trooper observed defendant's vehicle speeding on Interstate Route 787 in Albany County. The Trooper stopped defendant's vehicle and approached to obtain license and registration information. When defendant rolled his window down, the Trooper "detected a strong odor of marijuana inside the vehicle and * * * also observed a partially burnt marijuana cigarette in an ash tray". The Trooper directed defendant to get out of the car and conducted a search of his person, retrieving a folded dollar bill from his inside jacket pocket containing a white powder later identified as cocaine. Defendant was placed

under arrest and, upon the arrival of assistance, the Trooper conducted a second body search which produced a packet of cocaine hidden inside defendant's trousers. Thereafter, defendant was charged in a single-count indictment with criminal possession of a controlled substance in the second degree. After defendant's motion for suppression of the evidence seized was denied, defendant pleaded guilty to the charge. This appeal ensued.

We affirm. Defendant has not questioned the initial stop of his vehicle but maintains that upon detection of the odor and presence of marihuana, the Trooper's only permissible response was to issue an appearance ticket pursuant to CPL 150.75. He therefore concludes that the ensuing search of his person and arrest were illegal. We disagree. Initially, we observe that this case involves more than a mere custodial arrest for a traffic infraction (cf., People v Howell, 49 NY2d 778; People v Adams, 32 NY2d 451; People v Marsh, 20 NY2d 98). Nor is there any indication that the traffic stop was a mere pretext for an otherwise illegal search (2 LaFave, Search and Seizure § 5.2 [e], at 456-461 [2d ed]). The distinctive marihuana odor and presence of a marihuana cigarette in plain view clearly authorized the Trooper to direct defendant out of the car and provided probable cause to place him under arrest (see, People v Sauger, 58 AD2d 919, 920; see also, People v Schobert, 93 AD2d 949, 950). As in People v Sauger (supra), the full search of defendant's person was justified as incidental to his arrest (supra, at 920; see, United States v Robinson, 414 US 218, 224-235; People v Troiano, 35 NY2d 476, 478; People v Weintraub, 35 NY2d 351, 353-354; People v Blajeski, 125 AD2d 582, lv denied 69 NY2d 877; see also, 2 LaFave, Search and Seizure § 5.2, at 437 [2d ed]). We recognize that the Trooper did not formally arrest defendant until after seizing the dollar bill, but since the Trooper testified that defendant was in custody before the search began and the search and arrest were contemporaneous, we perceive no impropriety (see, People v Evans, 43 NY2d 160, 165-166; cf., People v Hoffman, 135 AD2d 299).

Defendant's reliance on CPL 150.75 (1) is misplaced because that provision requires the use of an appearance ticket relative to a charge of unlawful marihuana possession (Penal Law § 221.05) only where "no other *offense* is alleged" (emphasis supplied). Beside the fact that a traffic infraction is an "offense" for purposes of an arrest (see, CPL 140.10 [1] [a]; Vehicle and Traffic Law § 155), the circumstances here provided probable cause that defendant was driving under the

influence of marihuana, a misdemeanor *(see,* Vehicle and Traffic Law § 1192 [4], [5]; § 114-a; Public Health Law § 3306 [I] [d] [13]). It follows that the Trooper was authorized to arrest and search defendant under the prevailing circumstances.

Defendant's further contention that the arrest was unauthorized due to the People's failure to establish the presence of marihuana in his automobile is entirely unpersuasive. This argument springs from the fact that the lab report submitted into evidence did not identify marihuana in the cigarette butt tested, but conveniently overlooks the fact that a residue of cocaine was confirmed. In any event, the circumstances as observed by the Trooper provided ample basis for the arrest.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.