Appeal from a judgment of Livingston County Court (Alonzo, J.), entered October 31, 2002, convicting defendant upon his plea of guilty of driving while intoxicated as a felony.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed, and the matter is remitted to Livingston County Court for proceedings pursuant to CPL 460.50 (5).
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), defendant contends that County Court erred in denying his motion seeking suppression of evidence arising from the stop of his motor vehicle in the Village of Avon. We reject at the outset the People’s contention that, by pleading guilty, defendant forfeited the right to appellate review of the order denying his suppression motion (see CPL 710.70 [2]).
In support of his motion, defendant contended that a Village of Avon police officer exceeded his geographical jurisdiction because he made the stop based on traffic infractions he observed while the motor vehicle was traveling through the Town of Avon (see CPL 140.10 [2] [a]; People v Howard, 115 AD2d 321 [1985]). The court denied defendant’s motion after a *890 hearing, agreeing with the People that the officer’s observations outside the Village of Avon gave rise to reasonable suspicion that defendant was driving while intoxicated in the Village of Avon (see People v May, 81 NY2d 725, 727 [1992]; People v Sobotker, 43 NY2d 559, 563-564 [1978]). Defendant now contends that the court erred in making that determination because the officer did not expressly testify at the hearing that he stopped defendant for driving while intoxicated. We reject that contention.
The officer testified that he observed defendant, immediately prior to entering the Village of Avon, drive off the road three times, drive left of center and fail to signal a left-hand turn. Contrary to defendant’s contention, it is not dispositive that the officer failed to specify that he stopped defendant for driving while intoxicated. Rather, “the test is what could lawfully be done [based on the officer’s observations]” (United States v Ochs, 595 F2d 1247, 1256 [1979], cert denied 444 US 955, [1979] reh denied 444 US 1027 [1980]), i.e., whether “the circumstances, viewed objectively, justify [the] action” taken by the officer (Scott v United States, 436 US 128, 138, [1978] reh denied 438 US 908 [1978]; see People v Robinson, 97 NY2d 341, 350 [2001]; LaFave, Search and Seizure § 1.4 [d] [3d ed]). We agree with the court that the officer’s observations outside the Village of Avon gave rise to reasonable suspicion that defendant was driving while intoxicated within the Village of Avon, and thus we conclude that the stop was legal (see People v Sauger, 58 AD2d 919, 920 [1977]). Present—Green, J.P., Wisner, Gorski and Lawton, JJ.