■ SIDNEY L. LYNN, Appellant, v STATE OF NEW YORK, Respondent. [822 NYS2d 600]—

In a claim, inter alia, to recover damages, in effect, for false imprisonment, the claimant appeals from a judgment of the Court of Claims (Lack, J.), dated November 12, 2004, which, after a nonjury trial on the issue of liability, and upon a decision of the same court dated September 30, 2004, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

To establish a cause of action for false imprisonment, a claimant must show that: "(1) the defendant intended to confine him [or her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (*Broughton v State*

*of New York,* 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]). It is undisputed that the first three elements have been met and the claimant's case turns on whether the confinement was privileged. "The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" (*Martinez v City of Schenectady,* 97 NY2d 78, 85 [2001]). "Where, as here, an arrest is made without a warrant, 'a presumption arises that it was unlawful, and the burden of proving that the arrest was otherwise privileged is cast upon the defendant' " (*Tsachalis v City of Mount Vernon,* 293 AD2d 525 [2002]). The crucial question then is whether there existed probable cause to arrest the claimant on a charge of harassment in the second degree.

Penal Law § 240.26 (1) provides that a person is guilty of harassment in the second degree, when, with intent to harass, annoy or alarm another person, "[h]e or she strikes, shoves, kicks *or otherwise subjects such other person to physical contact, or attempts or threatens to do the same"* (emphasis added). "Although not rising to the level of an assault causing physical injury (Penal Law § 10.00 [9]), petty forms of offensive touching such as striking, shoving and kicking, are prohibited when committed with the intent to annoy, harass or alarm the victim" (*People v Bartkow,* 96 NY2d 770, 772 [2001]).

Where, as here, the Court of Claims was confronted with significantly divergent accounts, great deference must be accorded that court's determination of the facts based primarily on its assessment of credibility (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Tatta v State of New York,* 20 AD3d 825 [2005]; *Ring v State of New York,* 8 AD3d 1057 [2004]). The Court of Claims credited the arresting officer's account that during his encounter with the claimant, the claimant, while "raving" (including shouting obscenities and actually asking to be arrested in a threatening tone), chest-butted the arresting officer. The intent to annoy, harass, or alarm, as found by the Court of Claims, may be inferred from the totality of this conduct. However, in order to constitute harassment in violation of Penal Law § 240.26 (1), there must be physical contact in furtherance of that intent. Such contact can be relatively minor; even the jabbing of a finger in the chest of the victim has been held sufficient physical contact to constitute harassment where the requisite intent has been established (*see People v Hare,* 66 Misc 2d 207 [1971]). There is nothing to support the notion that the requisite shoving specified in Penal Law § 240.26 (1) cannot be accomplished through the use of body parts other than one's hands. Here, the

record supports the Court of Claims's determination that the arresting officer had probable cause to believe that Penal Law § 240.26 (1) may have been violated. The arrest and subsequent confinement were justified. Therefore, the claimant failed to establish a cause of action to recover damages, in effect, for false imprisonment, and the Court of Claims properly dismissed that claim. Further, as no claim lies against the State for intentional infliction of emotional distress (*see Wyllie v District Attorney of County of Kings,* 2 AD3d 714 [2003]; *Wheeler v State of New York,* 104 AD2d 496 [1984]), the Court of Claims properly dismissed that claim.

The claimant's remaining contentions are without merit. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.