■ TIMOTEU FAKOYA, Respondent, v CITY OF NEW YORK et al., Appellants. [982 NYS2d 335]—

In an action, inter alia, to recover damages for false arrest, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated November 1, 2011, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging false arrest.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was arrested without an arrest warrant, based upon evidence obtained from an illegal search of his apartment. "In order to prevail on a cause of action seeking to recover damages for false arrest or imprisonment, a plaintiff must prove that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was aware of the resulting confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged" (*Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]; *see Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *Lynn v State of New York*, 33 AD3d 673 [2006]). " 'The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim' " (*Lynn v State of New York*, 33 AD3d at 674, quoting *Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]).

When an arrest is made without a warrant, a presumption arises that it was unlawful, and a defendant must then show that a factual question exists as to whether the arrest was based on probable cause (*see Broughton v State of New York*, 37 NY2d at 458; *Lynn v State of New York*, 33 AD3d at 674). Evidence which is illegally obtained in violation of a plaintiff's rights may not be used to establish probable cause (*see Gantt v County of Nassau*, 234 AD2d 338, 339 [1996]; *Ostrover v City of New York*, 192 AD2d 115, 118 [1993]; *Levine v State of New York*, 4 Misc 3d 1021[A], 2004 NY Slip Op 50989[U] [Ct Cl 2004]; *Blanchfield v State of New York*, 104 Misc 2d 21, 27 [Ct Cl 1980]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by showing that his arrest was made without a warrant (*cf. Petrychenko v Solovey*, 99 AD3d 777 [2012]). In opposition, the defendants failed to raise a triable issue of fact.

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging false arrest. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.