15-2918-cv
Cabral v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
           GUIDO CALABRESI,
           REENA RAGGI,
                *Circuit Judges.*

---------------------------------------------------------------------------

DAGOBERTO CABRAL,

      *Plaintiff-Appellant*,

     v.                                                      No. 15-2918-cv

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, TYRONE THOMPSON, JOHN DOE NO. 1 and JOHN DOE NO. 2, names being fictitious, intended to be officers of the New York City Police Department, individually,

      *Defendants-Appellees*.

---------------------------------------------------------------------------

APPEARING FOR APPELLANT:   WILLIAM MARTIN, Martin & Colin, P.C., White Plains, New York.

APPEARING FOR APPELLEES:   JEREMY W. SHWEDER, Of Counsel (Cecelia C. Chang, Of Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on August 19, 2015, is AFFIRMED.

This appeal follows the trial of plaintiff Dagoberto Cabral's claims that his initial detention and the search of his vehicle on June 24, 2011, were unlawful under federal and state law because they were not supported by probable cause. Awarded $100 compensatory damages for the arrest, $1 nominal damages for the search, and (on remittitur) $10,000 in punitive damages, Cabral challenges none of those decisions. Instead, he appeals from the pre-trial award of partial summary judgment in favor of defendants City of New York and Police Officer Tyrone Thompson on federal and state claims of (1) false arrest (after the initial detention) and (2) malicious prosecution, and federal claims of (3) unlawful seizure of his property and (4) unlawful strip search of his person in jail. See Cabral v. City of New York, No. 12 Civ. 4659 (LGS), 2014 WL 4636433 (S.D.N.Y. Sept. 17, 2014).[1] "We review an award of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party"—in this case Cabral—"and drawing all reasonable inferences in his favor." McElwee v. Cty. of Orange, 700 F.3d 635, 640 (2d Cir. 2012). We assume the parties' familiarity with the

---

[1] Cabral does not challenge the dismissal of other claims or of defendants New York City Police Department, John Doe No. 1, or John Doe No. 2.

facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Arrest Following Discovery of Marijuana

Cabral challenges his arrest after the seizure of marijuana on the grounds that (a) the search leading to this seizure was illegal, and (b) the amount of marijuana seized was too small to support physical arrest under state law.

The first argument is foreclosed by controlling precedent.  Insofar as Cabral sues for a violation of federal law, Townes v. City of New York, 176 F.3d 138 (2d Cir. 1999), holds that "[v]ictims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.," id. at 148.  Cabral recovered for these damages at trial.  But Townes goes on to hold that "such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution."  Id.  This necessarily defeats his federal false arrest claim.

Cabral argues that New York courts have elected not to apply the reasoning of Townes to state false arrest claims.  See Ostrover v. City of New York, 192 A.D.2d 115, 118, 600 N.Y.S.2d 243, 244–45 (1st Dep't 1993); Fakoya v. City of New York, 115 A.D.3d 790, 791, 982 N.Y.S.2d 335, 336 (2d Dep't 2014).  But in Martinez v. City of Schenectady, 97 N.Y.2d 78, 735 N.Y.S.2d 868 (2001), the New York Court of Appeals held that the "existence of probable cause serves as a legal justification for the arrest and an

3

affirmative defense to the claim" of false imprisonment in a civil action, even where evidence establishing probable cause was suppressed in the criminal proceeding due to the illegality of the search yielding the evidence, id. at 85, 735 N.Y.S.2d at 872. Whatever ambiguity may exist as to Martinez's adoption of Townes's reasoning, see Williams v. City of New York, No. 109385/10, slip op. 30051, at 4 (N.Y. Sup. Ct. Jan. 12, 2012), the existence of such a decision by New York's highest court would afford at least the "reasonable basis" necessary for qualified immunity with regard to the state claim against Officer Thompson, Arteaga v. State, 72 N.Y.2d 212, 216, 532 N.Y.S.2d 57, 59 (1988); see also Jones v. Parmley, 465 F.3d 46, 63 (2d Cir. 2006). This provides an alternative ground to affirm the challenged judgment. See generally Figueroa v. Mazza, 825 F.3d 89, 99 (2d Cir. 2016).[2]

Cabral's second argument relies on N.Y. Crim. Proc. Law § 150.75 (stating that, on warrantless arrest for possession of marijuana in violation of N.Y. Penal Law § 221.05, "appearance ticket shall promptly be issued and served upon" arrestee), which Cabral insists affords no authority to effect a custodial arrest for marijuana possession. The argument fails for two reasons. First, New York courts have not so construed § 150.75; rather, they have located custodial arrest authority in § 140.10 (stating that "officer may arrest a person for . . . [a]ny offense when he or she has reasonable cause to believe that such person has committed such offense in his or her presence"). See People v. Morgan,

---

[2] Because Cabral makes no argument to us in support of the City of New York's liability for false arrest, we treat the appeal of dismissal in favor of that party, assuming that Cabral has even made it, to be abandoned. See Smith v. Fischer, 803 F.3d 124, 126 n.1 (2d Cir. 2015).

10 A.D.3d 369, 370, 781 N.Y.S.2d 652, 653 (2d Dep't 2004) (recognizing that officer had "probable cause to arrest the defendant either for the class B misdemeanor of criminal possession of marijuana in the fifth degree or for the 'petty offense' of unlawful possession of marijuana"); People v. Faines, 297 A.D.2d 590, 595, 747 N.Y.S.2d 484, 489 (1st Dep't 2002) (observing that, once defendant produced bag of marijuana, police acquired "necessary probable cause to arrest him"). Second, § 150.75 applies only where "no other offense is alleged" except § 221.05 possession. N.Y. Crim. Proc. Law § 150.75(1). The record here indicates that police initially arrested Cabral for violating § 221.10,[3] which does not come within § 150.75. See People v. Terrero, 139 A.D.2d 830, 831–32, 527 N.Y.S.2d 135, 136–37 (3d Dep't 1988).

Accordingly, the district court properly granted judgment to defendants on Cabral's claims of false arrest following the discovery of marijuana.

2.    Seizure of Property

Insofar as Cabral seeks monetary damages for the seizure of his van and cash incident to his arrest for marijuana possession, the same probable cause that supported arrest supported these seizures and, thus, required dismissal of these claims despite the

---

[3] N.Y. Penal Law § 221.10, the crime for which Cabral was arrested, prohibits both the knowing and unlawful possession of, first, marijuana in a public place where the marijuana is burning or in public view, id. § 221.10(1), and, second, preparations, compounds, mixtures, or substances containing marijuana of an aggregate weight over twenty-five grams, id. § 221.10(2). By contrast, N.Y. Penal Law § 221.05, the crime with which Cabral was ultimately charged, prohibits the knowing and unlawful possession of marijuana of any weight.

illegality of the search that yielded that probable cause.   See Townes v. City of New York, 176 F.3d at 148.[4]

Insofar as Cabral also claims that retention of the seized items violated his Fourteenth Amendment right to procedural due process, we note that this claim was not pleaded in the Complaint.   Further, as the district court noted, evidence that Cabral twice requested a hearing (in August and September 2011) to have his property returned would not by itself demonstrate a constitutional deprivation in light of the January 2012 return of the property.   Cabral had to adduce evidence of more than negligence in responding to his requests to survive summary judgment.   See Shaul v. Cherry Valley-Springfield Cent. Sch. Dist., 363 F.3d 177, 187 (2d Cir. 2004).   Accordingly, we affirm the judgment for defendants on this due process claim.

3.   Malicious Prosecution

Under both federal and New York law, a plaintiff suing for malicious prosecution must establish, inter alia, that the challenged criminal proceedings were not supported by probable cause.   See Manganiello v. City of New York, 612 F.3d 149, 160–61 (2d Cir. 2010).   Cabral argues that, despite Townes v. City of New York, 176 F.3d at 148, marijuana seized in an unlawful search cannot supply that probable cause in light of Boyd v. City of New York, 336 F.3d 72, 77 (2d Cir. 2003) (holding that evidence that "would clearly not be admissible" cannot provide "probable cause to believe the prosecution could

---

[4] The Complaint, as construed by the district court, alleged a federal seizure-of-property claim, but no such claim under state law.   See Cabral v. City of New York, 2014 WL 4636433, at *9.

6

succeed" as required to defeat malicious prosecution). We need not pursue that point because Cabral's federal and state malicious prosecution claims fail for another reason. Nothing in the record indicates that Officer Thompson played an "active role" in prosecution decisions. Bermudez v. City of New York, 790 F.3d 368, 377 (2d Cir. 2015) ("[P]olice officers do not generally commence or continue criminal proceedings against defendants." (internal quotation marks omitted)). The undisputed record shows that Thompson gave an accurate account of the circumstances pertaining to the search and arrest of Cabral, and that the prosecuting Assistant District Attorney never spoke to Thompson while pursuing the case before dismissal on speedy trial grounds. The district court therefore correctly entered judgment for defendants on Cabral's malicious prosecution claims.

4.    Strip Search

Cabral challenges the district court's refusal to allow him to pursue an unpleaded unlawful strip search claim for lack of fair notice. See Cabral v. City of New York, 2014 WL 4636433, at *8–9. We review this decision for abuse of discretion, see Boykin v. KeyCorp, 521 F.3d 202, 212 (2d Cir. 2008), and identify none here. Plaintiff's 21-page Complaint stated 13 causes of action; none was for unlawful search. In the "Facts" section of the Complaint, Cabral does allege that defendants "sear[ch]ed his car without cause or justification," and that he was "stopped and searched without legal cause or justification," but, in context, those statements can only reasonably be read to reference the initial stop and search of his car and person on the street, not the strip search conducted in

7

jail. App'x 49. Indeed, nowhere does the Complaint mention a strip search. Cabral argues that the strip search was a subject of deposition inquiry and letters to the court. But notice pleading requires that the complaint "give the opposing party notice of the nature of the claim against it, including which of its actions gave rise to the claims upon which the complaint is based. The claim must be sufficiently particular to allow the defendant to commence discovery and prepare a defense." E & L Consulting, Ltd. v. Doman Indus. Ltd., 472 F.3d 23, 32 (2d Cir. 2006). At no time prior to the parties' summary judgment filings did Cabral indicate that he wished to amend his Complaint to add a strip search claim. Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d Cir. 2000), relied on by Cabral, does not support his argument on appeal because there, the complaint specifically referenced "hostile work environment harassment" and pleaded facts detailing the harassment, id. at 568. As already noted, Cabral's Complaint never mentions a strip search. In sum, because Cabral's Complaint, even broadly construed, did not put defendants on notice that he was bringing a claim for damages based on a strip search conducted in jail, the district court acted within its discretion in refusing to allow him to pursue this claim.

5.   Conclusion

We have considered all of Cabral's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8