■ JUAN RIVERA, Respondent, v CITY OF NEW YORK et al., Appellants. [49 NYS3d 120]—

Order, Supreme Court, Bronx County (Ruben Franco, J.), entered February 3, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the malicious prosecution claims, unanimously affirmed, without costs.

Plaintiff alleges that, while in the City to attend his sister's funeral, he was wrongfully arrested as part of a buy-and-bust operation and charged with criminal sale of a controlled substance, as well as resisting arrest and obstruction of

governmental administration. Plaintiff was indicted on the drug charge, but all the charges were eventually dismissed by the District Attorney. Defendants established prima facie that there was probable cause to arrest and prosecute plaintiff through the undercover officer's identification of plaintiff as the person who sold him crack cocaine during the buy-and-bust operation (see Colon v City of New York, 60 NY2d 78 [1983]).

In opposition, plaintiff raised a triable issue of fact as to probable cause through his deposition testimony and affidavit (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]). He denied any involvement with a narcotics transaction, and explained that he attempted to flee only because, in the early morning hours in a Bronx park, he was unaware that the men chasing him were police officers. In addition, plaintiff averred that he did not resist arrest, but was assaulted by the police, and he supplied hospital records detailing his injuries. This evidence, if credited, could support a finding that the police witnesses did not make a "complete and full statement of facts" either to the grand jury or to the District Attorney, that they withheld, misrepresented or falsified evidence, or that they otherwise acted in bad faith (see Mendez v City of New York, 137 AD3d 468, 471 [1st Dept 2016]). Plaintiff's evidence also raises an issue of fact whether defendant police officers initiated the prosecution, since their alleged "failure to make a full and complete statement of the facts to the District Attorney or the court, or holding back information that might have affected the results," may be equated with the initiation of a malicious prosecution (Ramos v City of New York, 285 AD2d 284, 299-300 [1st Dept 2001]).

We have considered defendants' remaining arguments and find them unpreserved for appeal or otherwise unavailing. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.