█ DONNELL MURRAY, Appellant, v CITY OF NEW YORK et al., Respondents. [63 NYS3d 340]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered June 13, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the state law claim for malicious prosecution against the City of New York and the individual defendants and the federal claims pursuant to 42 USC § 1983 for false arrest, false imprisonment, malicious prosecution, excessive force, and illegal search and seizure against the individual defendants, unanimously reversed, on the law, without costs, and the motion denied.

The parties' differing versions of the events leading up to plaintiff's arrest, including whether plaintiff produced a driver's license and registration, present a triable issue of fact whether the individual defendants had probable cause to arrest him (see Mendez v City of New York, 137 AD3d 468, 471 [1st Dept 2016]) and to impound and search his car (see People v Francis, 12 Misc 3d 781, 785 [Sup Ct, NY County 2006]). The motion court erred in relying on the DMV records submitted by defendants showing that plaintiff's license was suspended, because the officers did not know at the time of the arrest that plaintiff's license was suspended (see Smith v County of Nassau, 34 NY2d 18, 24 [1974]; Cheeks v City of New York, 123 AD3d 532, 545 [1st Dept 2014]).

As to the malicious prosecution claims, the triable issues of fact as to probable cause for the initial arrest and search, viewed in conjunction with plaintiff's claim that an officer planted the gun in the car and the record evidence of possible retaliation against him by members of the precinct, present issues of fact as to probable cause to bring the weapon possession charge and actual malice (see Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]). We reject defendants'

contention that the gun, even if obtained pursuant to an illegal search, may be used to establish probable cause for the criminal prosecution (*see Ostrover v City of New York*, 192 AD2d 115, 118 [1st Dept 1993]; *cf. Townes v City of New York*, 176 F3d 138, 148 [2d Cir 1999], *cert denied* 528 US 964 [1999]).

To the extent plaintiff asserts claims of assault and battery under 42 USC § 1983, these claims are best understood as a federal claim of excessive force. Plaintiff's testimony that, as a result of the way he was placed into the police car, he sustained a shoulder injury, necessitating a visit to the emergency room after his release, raises an issue of fact whether the officers used unreasonable force under the circumstances (*see Jones v Parmley*, 465 F3d 46, 61 [2d Cir 2006]; *Lynch ex rel. Lynch v City of Mount Vernon*, 567 F Supp 2d 459, 467 [SD NY 2008]).

Defendants contend that the officers are entitled to qualified immunity with respect to the federal claims. However, in view of the factual disputes as to whether the officers had probable cause to arrest plaintiff and impound the car and plaintiff's allegations that the officers in the 47th Precinct had been engaging in a pattern of harassment against him for years and had planted the gun in the car, questions exist as to whether the officers knowingly violated the law (*see Munafo v Metropolitan Transp. Auth.*, 285 F3d 201, 210 [2d Cir 2002]). Concur—Gische, J.P., Kapnick, Gesmer and Kern, JJ.