Thomas v City of New York (2019 NY Slip Op 05211)





Thomas v City of New York


2019 NY Slip Op 05211


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9763 304542/14

[*1]Jermaine Thomas, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Sim & Record, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 4, 2018, which granted defendants' motion for summary judgment dismissing plaintiff's remaining claims of state and federal malicious prosecution, unanimously modified, on the law, to reinstate the state and federal malicious prosecution claims as against defendant Detective James Fleming, and otherwise affirmed, without costs.
Plaintiff alleges that in the early morning of December 7, 2009, he was walking his dog, a pit bull, and going to get baby food for his young child. He contends that, initially, he had his dog off leash, which caused Detective Fleming to stop him. Detective Fleming subsequently arrested him and sprayed mace in his face.
Detective Fleming contends that, on the morning of December 7, 2009, he witnessed plaintiff sell what he believed to be drugs to another individual, smoke a marijuana cigarette, and threaten the officers that his dog would attack them. He also contends plaintiff resisted arrest, and that after plaintiff was arrested, Detective Fleming discovered a ziplock bag of marijuana on plaintiff's path to the police car which had not been there before plaintiff passed by. The alleged buyer was never apprehended, and the marijuana cigarette never recovered. Detective Fleming also could only describe the buyer as male and taller than plaintiff, and could not describe his ethnicity, height, weight or clothing. Plaintiff denied that he smoked or was carrying any marijuana that day.
The arrest report indicates that plaintiff was arrested for criminal sale of marijuana and resisting arrest. The next day, the People filed a criminal information accusing him solely of criminal possession of marijuana, unlawful possession of marijuana, resisting arrest, and harassment. During the criminal proceedings, plaintiff sought to suppress the ziplock bag of marijuana and the Criminal Court conducted a Mapp hearing. The Criminal Court found that there was probable cause for the arrest based upon Detective Fleming's testimony. Following a bench trial, plaintiff was acquitted of all charges.
Where "there is a dispute about either the true state of facts, or the inferences to be drawn by a reasonable person from the facts which led to the prosecution, the uniform rule has been to require there be a factual resolution at a trial" (Munoz v City of New York, 18 NY2d 6, 11 [1966]; see also Murray v City of New York, 154 AD3d 591, 591 [1st Dept 2017]; Rivera v City of New York, 148 AD3d 462, 463 [1st Dept 2017]; Mendez v City of New York, 137 AD3d 468, 471 [1st Dept 2016]). "[T]he court on a summary judgment motion must indulge all available inferences of the absence of probable cause and the existence of malice" in the plaintiff's favor (De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]). In light of plaintiff's and Detective Fleming's sharply different versions of the events leading up to plaintiff's arrest, including whether or not plaintiff engaged in a drug transaction and/or smoked a marijuana cigarette, there is a triable issue of fact as to probable cause for the initial arrest (see Murray, 154 AD3d at 491). In addition, based upon the surrounding circumstances, actual malice may be inferred from the lack [*2]of probable cause and plaintiff's testimony that Detective Fleming intentionally provided false information to law enforcement authorities (Cardoza v City of New York, 139 AD3d 151, 164 [1st Dept 2016]).
The prior Mapp determination by the Criminal Court does not collaterally estop this Court from finding a triable issue of fact regarding the lack of probable cause. Because plaintiff was acquitted of all charges in the underlying criminal case, he could not appeal the Mapp hearing decision and therefore, it was not sufficiently final to be accorded collateral estoppel effect (see Davidson v City of New York, 155 AD3d 544, 544 [1st Dept 2017]; Williams v Moore, 197 AD2d 511, 513 [2d Dept 1993]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK