Reese v City of New York (2022 NY Slip Op 01406)





Reese v City of New York


2022 NY Slip Op 01406


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, JJ. 


Index No. 32170/18E Appeal No. 15436 Case No. 2021-01990 2021-03202 

[*1]Otis Reese, Plaintiff-Appellant-Respondent,
v City of New York et al., Defendants-Respondents-Appellants. 


Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellant-respondent.
Georgia Pestana, Corporation Counsel, New York (Elina Druker of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 8, 2021, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's federal and state malicious prosecution claims and limiting recovery on his federal false arrest, imprisonment, excessive force, and illegal strip search claims to the period before he was searched, and denied plaintiff's cross motion for summary judgment as to liability on the same claims and his request to amend his supplemental bill of particulars, unanimously affirmed, without costs.
In this case, neither party was entitled to summary judgment because triable issues of fact exist as to whether the police officers had probable cause to arrest plaintiff for an open container violation (see De Lourdes Torres v Jones, 26 NY3d 742, 759-760 [2016]; Mendez v City of New York, 137 AD3d 468, 471 [1st Dept 2016]). The accounts of the incident given by plaintiff and the officers differ in significant respects, and surveillance video evidence appears to contradict, or at least undermine, the account of one of the officers.
We reject defendants' contention that the drugs found on plaintiff, in a search incident to an arrest found to be illegal, may be used to establish probable cause for the criminal prosecution (see Murray v City of New York, 154 AD3d 591, 592 [1st Dept 2017]; Ostrover v City of New York, 192 AD2d 115, 117-118 [1st Dept 1993]); see also Fakoya v City of New York, 115 AD3d 790, 791 [2d Dept 2014] ["Evidence which is illegally obtained in violation of a plaintiff's rights may not be used to establish probable cause"]).
The court providently denied plaintiff's request to amend his supplemental bill of particulars to add a theory that his arrest resulted in a delay in his parole hearing. Plaintiff provided neither a factual basis for the proposed amendment nor an excuse for waiting until six months after filing the note of issue to seek leave to amend (CPLR 3025[b]; CPLR 3043[b]; Schreiber-Cross v State of New York, 57 AD3d 881, 884 [2d Dept 2008]; Kassis v Teachers Ins. & Annuity Assn., 258 AD2d 271, 272 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022