Smith v. Fischer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Submitted: August 27, 2015          Decided: October 5, 2015)

Docket No. 14-3857

_____

BRUNCE SMITH,

*Plaintiff-Appellant,*

v.

BRIAN FISCHER, COMMISSIONER, D. VENETTOZZI, ACTING DIRECTOR OF SHU, JOSEPH WOLCZYK, HEARING OFFICER; AUBURN CORRECTIONAL FACILITY,

*Defendants-Appellees.*

_____

Before: WINTER, WALKER, and JACOBS, *Circuit Judges.*
_____

Plaintiff Brunce Smith moves for appointment of counsel in his appeal from the dismissal of his suit under 42 U.S.C. § 1983 alleging that prison officials

violated his procedural due process rights in connection with a disciplinary hearing. We deny the motion because the appeal lacks likely merit, *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989) (per curiam), and, having considered the merits, dismiss the appeal as frivolous.

––––––––––––––––––

BRUNCE SMITH, pro se, Dannemora, NY.

JONATHAN D. HITSOUS, ESQ., Assistant Solicitor General, Albany, NY, *for Appellees.*

––––––––––––––––––

PER CURIAM:

Plaintiff Brunce Smith moves for appointment of counsel in his appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*), entered on September 26, 2014, dismissing his complaint on summary judgment. The underlying issue is whether an inmate may implicitly waive his right to attend a disciplinary hearing. Extending our reasoning in *Bedoya v. Coughlin*, 91 F.3d 349 (2d Cir. 1996) (holding that an inmate may waive his right to call witnesses by remaining silent), we conclude that an inmate may likewise implicitly waive the right to attend his disciplinary hearing

by refusing to attend after receiving notice and being given an opportunity to attend. We therefore deny the motion and dismiss the appeal as frivolous.

## BACKGROUND

The undisputed facts are as follows. A misbehavior report, charging Smith with attacking another inmate, advised him that the "case must be heard within 7 days if inmate is confined" and that "inmate attendance at [the] hearing is voluntary." Smith signed the form to acknowledge receipt, designated an assistant to help him defend the charge, and requested that another inmate, Watson, be called as a witness.

The day the case was to be heard, two guards brought Smith to the hearing room. Smith asked the whereabouts of Hearing Officer Joseph Wolczyk, was told that he was on his way, and then asked to return to his cell. He did not explain his decision and refused to sign a form acknowledging his refusal to attend. Officer Wolczyk found that Smith had voluntarily waived his right to attend the hearing and conducted the proceedings in his absence.

After the hearing began, Officer Wolczyk sent guards to Smith's cell to ask if he still wanted to call inmate Watson as a witness. Smith stated that he had no questions to ask.

Officer Wolczyk found Smith guilty of the charges and imposed a penalty of twelve months' confinement in the Special Housing Unit ("SHU") and loss of twelve months' good time credit and other privileges. Officer Wolczyk's decision was affirmed by Donald Venettozzi, Acting Director of Special Housing/Inmate Disciplinary Program, and Smith sought state court review.

After Smith had served eleven months in the SHU, the state court reversed the hearing disposition. It held that Smith had not made a knowing, voluntary, and intelligent waiver of his right to attend the hearing because there was no evidence that he was "informed of that right and of the consequences of failing to appear at the hearing," as required by state law. The court ordered the state to expunge all references to the proceeding from Smith's prison record and to restore any good behavior allowance lost. Smith's disciplinary determination was "administratively reversed" by the Department of Corrections and Community Services ("DOCCS").

Smith, pro se, then filed this § 1983 complaint in the Northern District, arguing, as relevant here, that his due process rights were violated because he was not informed of his right to attend the hearing and the consequences of failing to attend. He named as defendants Wolczyk, Venettozzi, and DOCCS Commissioner Brian Fischer, seeking monetary damages against each.

The report and recommendation of the magistrate judge (adopted in full by the district court) recognized that Smith was deprived of a protected liberty interest based on his eleven-month confinement in the SHU but concluded that Smith was afforded due process under federal law, which required only notice of the hearing and an opportunity to attend.[1] Smith appeals and moves for appointment of counsel.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(1), we may appoint counsel for "any person unable to afford counsel," if, among other things, the movant satisfies the

---

[1] The magistrate judge also reasoned that the state court's ruling in Smith's favor did not have preclusive effect because it determined Smith's rights under state law, whereas Smith's § 1983 claim depended on his rights under the U.S. Constitution or federal law. Smith has abandoned his preclusion argument by failing to raise it in his brief on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

threshold requirement that the appeal have "some likelihood of merit." *See Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172-74 (2d Cir. 1989). We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[c]ertain due process protections" must be observed before an inmate may be subject to confinement in the SHU. *Luna v. Pico*, 356 F.3d 481, 487 (2d Cir. 2004) (citing *Wolff*). These protections include "advance written notice of the charges; a fair and impartial hearing officer; a reasonable opportunity to call witnesses and present documentary evidence; and a written statement of the disposition, including supporting facts and reasons for the action taken." *Id*. We have interpreted *Wolff* to recognize a right to "appear at the hearing." *Young v. Hoffman*, 970 F.2d 1154, 1156 (2d Cir. 1992) (citing *Freeman v. Rideout*, 808 F.2d

949, 953 (2d Cir. 1986)); *see also Willey v. Kirkpatrick*, No. 13-699, 2015 WL 5059377, at *10 (2d Cir. Aug. 28, 2015) ("Our reading of *Wolff* does not comport with the conclusion that the Constitution permits wholesale exclusion of an inmate from a disciplinary hearing."). "[R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution, as outlined in *Wolff*." *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) (internal citations and quotation marks removed).

Smith argues that his due process rights were violated because he was not sufficiently informed of his right to attend his hearing and the consequences of failing to attend. Construing his submissions "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam), the issue is whether the district court properly found that Smith waived his right to attend the hearing.

Expanding somewhat on *Bedoya v. Coughlin*, 91 F.3d 349 (2d Cir. 1996), we hold that an inmate may waive the right to attend his disciplinary hearing by refusing to attend after receiving notice and being given an opportunity to attend. In *Bedoya*, inmate Mario Bedoya named a witness, but, when asked at the

7

hearing how he wanted to proceed, said nothing about the witness and agreed that the hearing should end. Bedoya's § 1983 claim alleged that the hearing officer's failure to call the witness violated his due process rights. In affirming the dismissal of his complaint, we reasoned that Bedoya had waived his right to call the witness "by failing either to reiterate his request for [the witness]'s testimony when given the opportunity or to object to the close of the hearing." *Id.* at 352-53. Moreover, the hearing officer in no way discouraged Bedoya from requesting the witness and gave him a "clear opportunity" to do so just before ending the hearing. Bedoya nonetheless remained silent and acquiesced in the hearing officer's decision to close the proceeding. *Id.*

Similarly, Smith's conduct here constituted a knowing and voluntary waiver of his right to attend his disciplinary hearing. He received notice that a hearing on his charges would be held, met with an assistant, and requested inmate Watson as a witness. He was conducted to the hearing room at the scheduled time. He then asked to leave the room and refused to participate. He therefore had an opportunity to attend. (Even then, Officer Wolczyk sent guards to Smith's cell to ask whether he wished to call Watson or ask any questions, and

8

Smith declined.) Moreover, there is no evidence that Smith was discouraged from attending or that any other factor beyond his control contributed to his decision to return to his cell before the hearing began.

Under these circumstances, there is no arguable merit in a claim that the district court erred when it concluded that Smith had knowingly and voluntarily waived his right to attend the disciplinary hearing. Accordingly, Smith's motion for appointment of counsel is denied and his appeal is dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that an action is frivolous when it is based on an indisputably meritless legal theory or presents factual contentions that are clearly baseless); *Cooper*, 877 F.2d at 173 (stating that we may appoint counsel for an indigent litigant upon a showing that the appeal has "likely merit").