16-3678-cv
Dunn v. URS Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:        ROSEMARY S. POOLER,
                RICHARD C. WESLEY,
                PETER W. HALL,
                        *Circuit Judges.*

_____

ERIC DUNN,

                        *Plaintiff-Appellant*,

                v.                                                      16-3678-cv

URS CORP.,

                        *Defendant-Appellee*.[1]

_____

Appearing for Appellant:        Eric Dunn, pro se, Brooklyn, N.Y.

Appearing for Appellee:         Sean W. Higgins, White Plains, N.Y.

                                Daniel S. Braverman (*on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

_____

[1] The Clerk of Court is respectfully directed to amend the official caption as listed above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Eric Dunn, appearing pro se, appeals from the September 30, 2016 judgment of the United States District Court for the Southern District of New York (Carter, *J.*), granting summary judgment to his former employer, Appellee URS Corp. Dunn sued URS Corp. alleging discriminatory termination, denials of salary increases, and failure to rehire on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Dunn is a pro se litigant, we construe "his submissions 'to raise the strongest arguments that they suggest.'" *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

In *McDonnell Douglas Corp. v. Green*, the Supreme Court established a three-part, burden-shifting framework for Title VII employment discrimination claims such as this one. 411 U.S. 792 (1973). The initial burden is on the plaintiff to demonstrate a "prima facie case of racial discrimination." *Id.* at 802. If the plaintiff establishes the prima facie case, the burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* If the employer succeeds, the burden shifts back to the plaintiff to prove that the reasons proffered by the employer were pretextual. *Id.* at 804.

In order to establish a prima facie case for discriminatory termination, failure to rehire, or unequal pay, Dunn must establish that he is a member of a protected class who was qualified for the position and suffered the adverse employment action in a way that gives rise to an inference of discrimination. *See, e.g.*, *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004). We have previously observed that "[t]he burden of proof that must be met to permit an employment-discrimination plaintiff to survive a summary judgment motion at the prima facie stage is *de minimis*." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) (internal punctuation omitted). We are mindful that on a motion for summary judgment, the reviewing court's determination of "whether the circumstances give rise to an inference of discrimination must be a determination of whether the proffered admissible evidence shows circumstances that would be sufficient to permit a rational finder of fact to infer a discriminatory motive." *Id.* at 38 (internal punctuation omitted).

We agree with the district court that Dunn has failed to meet this burden. On each of his three claims, Dunn is unable to establish that the adverse employment action was taken in a way that gives rise to an inference of discrimination. In *Chambers*, this Court explained that:

Circumstances contributing to a permissible inference of discriminatory intent may include the employer's continuing, after discharging the plaintiff, to seek applicants from persons of the plaintiff's qualifications to fill that position, or the employer's criticism of

the plaintiff's performance in ethnically degrading terms, or its invidious comments about others in the employee's protected group, or the more favorable treatment of employees not in the protected group, or the sequence of events leading to the plaintiff's discharge, or the timing of the discharge.

*Id.* at 37 (internal citations and punctuation omitted).

Dunn did not present any evidence that his termination and failure to rehire were motivated by discrimination. The only evidence that Dunn presents along these lines regards his unequal pay claim. Dunn identifies a list of twelve employees who received raises and claims that none of those employees were African-American. URS counters that there were at least two African-American employees not on Dunn's proffered list who received pay increases and that URS lobbied the MTA for pay increases for many other African-American employees. This disagreement is not material, however, because there was no showing by Dunn of the type of work performed by the twelve individuals. Accordingly, there is no basis to conclude that they were comparably situated. Because the list is the only evidence Dunn offered regarding discriminatory treatment, we are unable to say that he has met even the de minimis burden we require at the summary judgment stage.

We have considered the remainder of Dunn's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk