17-622-cv
Carvalho v. Associated Brands Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
                    GERARD E. LYNCH,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges.*

------------------------------------------------------------------------

ADAM CARVALHO,
                            *Plaintiff-Appellant*,


                    v.                                                        No. 17-622-cv


ASSOCIATED BRANDS INC.,
                            *Defendant-Appellee*.

------------------------------------------------------------------------



FOR PLAINTIFF-APPELLANT:                Adam Carvalho, *pro se*, Lyndonville, NY.


FOR DEFENDANT-APPELLEE:                Joshua I. Feinstein, Hodgson Russ LLP, Buffalo, NY.

1

Appeal from a February 1, 2017 judgment of the United States District Court for the Western District of New York (Telesca, *J.*; Roemer, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Adam Carvalho, proceeding *pro se*, appeals from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*) adopting in full a Magistrate Judge's report and recommendation (Roemer, *M.J.*) and granting summary judgment to Carvalho's former employer Defendant-Appellee Associated Brands Inc. ("Associated") on Carvalho's claims under the Americans with Disabilities Act ("ADA"). Carvalho worked as a "packer" at Associated, which manufactures custom-branded food products. Carvalho contends that Associated discriminated against him based on his anxiety disorder by denying him a promotion to a machine-operator position.[1] He also argues that Associated retaliated against him by treating a day of his Family and Medical Leave Act ("FMLA") leave as an unexcused absence after he complained about discriminatory comments and actions from coworkers. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.[2]

"We review the district court's grant of summary judgment *de novo*, applying the same standards that govern the district court's consideration of the motion." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). In doing so, "[w]e resolve all ambiguities and draw all reasonable inferences in the light most favorable" to Carvalho as the non-moving party. *Id.* "Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." *Id.*

## I.      Denial of Promotion

"Claims alleging discrimination under the ADA are subject to the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Davis*

---

[1] We liberally construe Carvalho's *pro se* complaint and brief on appeal to raise the strongest arguments they suggest. *See Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007).

[2] Carvalho raised several other claims and arguments before the district court, including a hostile work environment claim, a separate denial-of-promotion claim, and additional allegations of retaliation. Because he does not raise these issues on appeal, they are abandoned. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016); *Smith v. Fischer*, 803 F.3d 124, 126 n.1 (2d Cir. 2015) (per curiam).

*v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (per curiam). Under that framework:

> once a plaintiff produces minimal evidentiary support for the claim of discriminatory motivation, the burden of production shifts to the employer to articulate a non-discriminatory reason for the adverse employment action. But once the employer has set forth its non-discriminatory justification, the plaintiff must then produce evidence capable of carrying the burden of persuasion that the employer's action was at least in part motivated by discrimination.

*Id.* When a plaintiff sets forth a prima facie case of discriminatory motive (which we assume Carvalho has), and the defendant satisfies its burden of production with admissible evidence showing a legitimate, non-discriminatory justification (which Associated has), "[t]he plaintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (alterations and internal quotation marks omitted).

As to at least one of Associated's proffered non-discriminatory reasons for denying Carvalho the promotion—its decision not to fill the position to which Carvalho applied, a "bouillon machine operator"—Carvalho has failed to produce evidence supporting a rational finding of pretext. It is undisputed that Associated, after accepting applications from four individuals for the position, made a business decision that the position was no longer necessary and elected not to fill it. "Although courts must be careful not to second-guess an employer's business judgment that it makes in good faith, [a] plaintiff must be allowed to show that h[is] employer's asserted reasons . . . were a pretext and that the real reason was h[is] [disability]." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1226 (2d Cir. 1994). Carvalho's claim of pretext is based on mere speculation. He provides no evidence that Associated's business judgment to not fill the position—and in doing so, also reject other candidates—was mere pretext for its purported actual motivation: discriminating against Carvalho because of his disability.[3] Therefore, we affirm the district court's decision to grant summary judgment in favor of Associated on Carvalho's ADA denial-of-promotion claim.

---

[3] Carvalho points to a September 5, 2013 letter he received from an Associated human resource coordinator stating that the company had chosen to pursue another candidate for the position who was better qualified. But there is no evidence in the record that this letter was either inaccurate at the time (before Associated elected to not fill the position) or a pretextual excuse to exclude Carvalho from consideration because of his disability.

## II.    Retaliation

In order to establish a prima facie case of retaliation under the ADA, Carvalho must show, *inter alia*, that Associated "took adverse employment action against him." *See Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (explaining four elements of retaliation claim).  Although "adverse employment actions are not limited to pecuniary emoluments," they must rise to the level of "materially adverse change[s] in the terms, privileges, duration[, or] conditions of employment." *Id.* at 720 (internal quotation marks omitted).  Carvalho contends that Associated's initial treatment of his August 16, 2013 absence as unexcused for FMLA purposes, before later correcting the absence as excused, rises to the level of an adverse employment action.  We disagree.  Just weeks after Carvalho submitted his complaints to the human resources department, an Associated human resources director undertook an investigation into Carvalho's claims and changed the unexcused absence to excused "as a sign of good faith and giving Carvalho the benefit of any doubts."  Suppl. App. 158.  This temporary mistaken designation of Carvalho's leave as unexcused is not a "materially adverse change in the terms, privileges, duration[, or] conditions" of his employment. *Treglia*, 313 F.3d at 720.

Independently, Carvalho's retaliation claim also fails on the basis of lack of causation.  *See id.* at 719 (explaining that plaintiff alleging ADA retaliation claim must also show that "a causal connection exists between the alleged adverse action and the protected activity").  Although Carvalho's claim on appeal is less than clear, it appears that his retaliation claim is premised on, as protected activity, his calling Associated's ethics hotline to complain about discrimination in early November 2013.  That protected activity occurred three months *after* the alleged adverse employment action—Associated (temporarily) treating his absence of August 16, 2013 as unexcused.

We therefore affirm the district court's decision awarding summary judgment to Associated on Carvalho's retaliation claim.

***

We have considered Carvalho's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4