18-274-pr
*Alvarez v. Wright*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand nineteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           JOSEPH F. BIANCO,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ERIC ALVAREZ,

                   *Plaintiff-Appellant,*

                   v.                                    18-274-pr

DR. CARSON WRIGHT, M.D.,

Senior Doctor/On Call Doctor at 7:45pm on 7-12-16,
                   *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, New Paltz, New York.


FOR DEFENDANT-APPELLEE:         ROBERT S. DEARINGTON, Assistant Attorney General, *for* William Tong, Attorney General of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Eric Alvarez appeals from the district court's judgment, entered January 23, 2018, dismissing his claims against defendant-appellee Dr. Carson Wright. Alvarez, an inmate at MacDougall-Walker Correctional Institution in Suffield, Connecticut, proceeding *pro se* in the district court, sued Wright under 42 U.S.C. § 1983 for violations of the Eighth Amendment. On January 19, 2018, the district court granted Wright's motion for summary judgment. Prior to this ruling, Alvarez moved three times for appointment of counsel and the court denied each motion. On appeal, Alvarez argues that the district court erred in denying his motions for appointment of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's decision on appointment of counsel for abuse of discretion. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68-69 (2d Cir. 2011). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible

decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks omitted).

When the district court decided the motions for appointment of counsel, it had before it the following facts drawn from the complaint and Wright's motion for summary judgment, which included Alvarez's medical records, excerpts from his deposition, and Wright's affidavit: On July 12, 2016, in the evening, Alvarez fell in the shower and injured his leg. Alvarez was taken to the medical unit and seen by a nurse, as there was no physician present at the facility. Wright was the physician on call, and he advised the nurse by telephone to give Alvarez medication and ice to alleviate the pain, to place his leg in a splint, and to keep him in the infirmary overnight for monitoring. Wright ordered an X-ray for the following morning. While the prison had its own X-ray facility, an X-ray technician was on site only between 8 a.m. and 2 p.m.

The following morning, an X-ray revealed that Alvarez had fractured his leg, and he was immediately transferred to a hospital for emergency surgery. Approximately thirteen hours elapsed between Alvarez's injury and his X-ray. Although Alvarez contended in his complaint that the nurse told Wright that Alvarez's "bone was sticking through the skin of [his] right leg," he admitted at his deposition that he did not hear the conversation between the nurse and Wright. J. App'x at 13. Alvarez also testified that he saw only "a couple bumps" and "figured they were bones." J. App'x at 55. Moreover, Alvarez's medical records from July 12, 2016, and July 13, 2016,

- 3 -

report that his right leg was swollen and tender, but do not indicate that his bone was protruding through the skin. In his affidavit in support of the summary judgment motion, Wright attested to the following: ". . . I don't recall the nurse giving me any indication that the plaintiff's leg was broken. . . . Based upon the information that was conveyed to me from the nurse, I did not believe this was an emergency situation that required an immediate transport to the emergency room." J. App'x at 47-48.

Alvarez alleges that Wright, in delaying the X-ray until the next morning, was deliberately indifferent to his serious medical needs, and that the delay caused medical complications, including sharp pain in his leg, that continue to the present.

Pursuant to 28 U.S.C. § 1915(e)(1), a district court may appoint counsel for "any person unable to afford counsel." As a threshold requirement for appointment of counsel, the case must have some "likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989) (per curiam); *see also Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (per curiam). In deciding a motion to appoint counsel, the court should first determine whether the movant's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *cf. Leftridge*, 640 F.3d at 69 (noting that a motion for counsel is properly denied when the movant's chances of success are "highly dubious"). Once this threshold is met, a court may then consider other criteria such as movant's ability to obtain counsel independently. *See Cooper*, 877 F.2d at 172.

- 4 -

In its rulings on Alvarez's motions, the district court focused on his inability to obtain counsel, addressing the threshold matter of likelihood of merit in one sentence in its ruling on Alvarez's first two motions to appoint counsel: "Even if [Alvarez] was unable to obtain counsel, he has not presented the court with sufficient information to show that his claim is meritorious." J. App'x at 82; *see also* J. App'x at 24-28; 75-79. The district court addressed the merits in a similar fashion in its ruling on Alvarez's third motion to appoint counsel. *See* J. App'x at 103.

"[W]e may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *Holcomb v. Lykens*, 337 F.3d 217, 223 (2d Cir. 2003) (internal quotation marks omitted). We conclude, based on our own analysis of the record, that Alvarez did not meet the threshold merits requirement. *See Cooper*, 877 F.2d at 172-74. Accordingly, we need not reach the other criteria.

To establish an Eighth Amendment violation based on inadequate medical care, a prisoner must demonstrate both an objectively serious medical deprivation and subjective deliberate indifference on the part of the charged official. *See Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003). With respect to the objective component, "[t]he serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019). If the basis of the complaint is a temporary delay, as here, it is

appropriate to focus on the effect of that challenged delay in treatment in determining whether the risk was objectively serious. *See Carpenter*, 316 F.3d at 186 ("[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the condition, and considering the reason for the delay.") (quoting *Hill v. Dekalb Reg'l Youth Ctr.*, 40 F.3d 1176, 1189 (11th Cir. 1994)). With respect to the subjective component, the prisoner must show deliberate indifference, *i.e.*, that the medical professional possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Here, when the district court decided the motions to appoint counsel, it had before it the medical records, Wright's affidavit, and the excerpts from Alvarez's deposition. That record showed that it was highly unlikely that Alvarez would be able to demonstrate that Wright acted with deliberate indifference. Wright prescribed pain medication for Alvarez, directed that his leg be put in a splint and that he be kept in the infirmary overnight, and ordered an X-ray for the next morning when an X-ray technician would be on duty. Though Alvarez asserted in both his complaint and in his opposition to the summary judgment motion (after the district court denied his motions for counsel) that the nurse said that she told Wright that Alvarez's bone was sticking through his skin, this is belied by (1) Alvarez's own description of his leg as having "a couple of bumps" and some "swelling," (2) contemporaneous medical records that

describe Alvarez's leg as swollen and tender, without any mention of protruding bones, and (3) Wright's affidavit stating that he was unaware that Alvarez's leg was broken. J. App'x at 47, 55, 120; *see also* Sealed App'x at 1-3. Indeed, Wright stated in his affidavit that "[i]f the nurse had told me that [Alvarez's] bone was sticking through his skin, I would have had him immediately sent to the hospital." J. App'x at 48. On this record, no rational jury could find that Wright possessed the culpable state of mind to satisfy the subjective standard of a deliberate indifference claim. We therefore conclude that the district court did not abuse its discretion when it denied Alvarez's motions for appointment of counsel.

*   *   *

We have considered Alvarez's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk